## STATE OF NEVADA, RESPONDENT, *v.* JOHN O. EARL ET AL., APPELLANTS.

All tangible property within the State of Nevada is subject to *one* and only one annual tax. Each acre of land, and each piece of coined money, is liable to this tax.

But the property which was taxed in the hands of A, on the first Monday of May, could not subsequently, that year, be taxed in the hands of another.

A tax on money at interest, secured by mortgage on land, is neither a tax on the pieces of money loaned, the land on which the mortgage security is taken, nor upon the paper on which the promise to pay is written. But it is a tax on the *chose in action* or right to collect the debt.

*Chose in action* follow the person of those having the right. When the holder of such right resides out of the State of Nevada, this State has no jurisdiction over the person nor over the thing proposed to be taxed, and cannot tax either.

The State can only tax *chose in action* belonging to its own citizens or residents.

This Court has no jurisdiction to try an appeal from an order sustaining a demurrer where no judgment has been rendered.

APPEAL from the District Court of the Second Judicial District, State of Nevada, Ormsby County, Hon. S. H. WRIGHT presiding.

The facts of the case are fully stated in the opinion.

*R. M. Clarke*, for Appellants, made the following points:

The Revenue Law only provides for the taxation of real and personal property within the State.

The County Assessors are directed to ascertain the value of taxable property *within their respective counties*, and to examine tax payers under oath as to taxable property in other counties, and forward list of same to proper county for taxation.

Section 5th of the Revenue Law, which defines the terms real estate and personal property, does not change the place in which property is to be assessed for taxation.

It is not the mortgage nor the recorded copy of the mortgage which is liable, but the money at interest.

Intangible property, such as a *chose in action*, follows the person of the owner. (See Story on Conflict of Laws, 378–80; 16 Cal. 167; 23 Maine, 264; 7 Mass. 236; 17 Mass. 231; *The People* v. *Parke*, 23 Cal. 138.)

The defendants residing in San Francisco the *chose in action* is only taxable there.

*Thomas E. Haydon*, Prosecuting Attorney for Ormsby County, for Respondent.

The decisions in Massachusetts, California and Minnesota, that *chose in action* must be taxed in the county where the owners reside, are merely constructions of their statutory law; they do not decide as to the power of a Legislature to tax the *chose in action* of non-residents.

Story, in his Conflict of Laws, lays down the proposition that all personal property has no *situs*. He makes no distinction between movable property and *chose in action*. (See sections 380, 364 and 350.)

But moveable property may become attached to immovable,

such as heritable bonds, ground rent, mortgages, etc. (See sections 382, 364–5–6.)

In no case cited does it appear that a non-resident may be excused from a tax to which a citizen is liable.

The Revenue Law, by various sections, shows it was the *intention* of the Legislature to tax money at interest *secured by mortgage.* That it should be taxed in the county where situated.

Opinion by BEATTY, J., full Bench concurring.

This was an action brought in the name of the State of Nevada, to recover eight hundred and thirty-seven dollars and fifty cents, claimed from the appellants as taxes due for the year 1864, on thirty-three thousand five hundred dollars of money at interest, secured by mortgage recorded in Ormsby County.

The defendants answered, setting up these facts: That they were during the year 1864, from the first Monday in May to the first Monday in November, both inclusive, residents of the State of California, and at no time within that period within the State of Nevada. That during the same period their note and mortgage evidencing and securing the debt or *chose in action* attempted to be taxed, were in California, and without the jurisdiction of the State of Nevada. That during that whole period they had no money at interest or other personal property within the State of Nevada, and were not liable to any tax on personal property within said State. At least, in the argument of this case, such were assumed to be the substantial allegations of the answer. With the views entertained by the Court in this case, it is not necessary to make any critical examination of the pleadings to see whether they do, or do not sufficiently make the points relied on in the argument.

A demurrer was interposed to this answer in the Court below, on the ground that it did not state facts sufficient to constitute a defense to the action. The Court sustained the demurrer and gave leave to the defendants to amend within within twenty days. Without waiting for the expiration of

State of Nevada *v.* Earl *et al.*

the twenty days, or the rendition of judgment upon failure to amend, defendants appealed from the order sustaining the demurrer.

Upon this state of facts the case was argued in this Court without any suggestion or objection that the appeal was not properly taken.

The Court believing an expression of opinion on their part, upon the points presented in argument, might save much trouble to the Tax Assessors, Tax Collectors, and other State officers charged with the collection of revenue, will, notwithstanding the irregular manner in which this case comes up, state their views of the law in regard to taxing money at interest, secured by mortgage or otherwise.

In the first place, all land or real estate in this State (except Government land and a few other classes of property especially mentioned in the Revenue Act) is subject to taxation. This burden is laid on land equally, according to its value, without any regard to the fact as to whether it is or is not mortgaged.

Secondly, all money in the State on the first Monday of May in each year is subject to taxation, and if taxed a lien relates back to that day in favor of the State, according to the letter of the statute upon each piece of gold or silver coin within its limits. A lien also accrues, or may accrue, if the Tax Collector finds it, on each piece of coin that may come into the State between the first Monday of May and November of each year; but the same coin which was taxed in the hands of A on the first Monday of May, could not again be taxed in the hands of B a week afterwards.

The true theory of the statute is that each piece of tangible real or personal property within the State between the first Monday of May and the first Monday of November, each inclusive, should be taxed *once* at its true value, and *only once*. These preliminary remarks have been made because in the argument of this case there seemed to be some difficulty in determining in the minds of counsel what the State could tax and what it had taxed. The tax, however, upon "money at interest secured by mortgage," is, in the opinion of this Court, neither a tax on coin, which is taxed as tangible personal property, a tax on the land mortgaged, which is taxed at its

value, without regard to the mortgage, nor a tax on the piece or pieces of paper upon which the note and mortgage are written, but it is a tax on a *chose in action;* in other words, it is a tax on the right which a party has to receive or collect a certain amount of money. *Choses in action* are intangible, and have no locality separate from the person possessing the power to enforce the right.

All *choses in action* follow the person of the owner. No doubt the State may tax such rights when held by its citizens, but if a party lives in another State, this State has no jurisdiction or control over the person of such non-resident and none over the *chose in action,* because it has no location or tangibility in this State. The same debt might be secured by separate and distinct mortgages in twenty States at the same time. If the recordation then of a mortgage in this State would fix the *situs* of the *chose in action* here, the recordation of other mortgages would fix it in nineteen other States at the same time, and each State would have a right to tax this same *chose in action* within its own borders, thus levying twenty annual taxes on the same property within the same year, which would be a manifest absurdity.

The State can only tax such *choses in action* as belong to its own citizens or residents. This Court has no jurisdiction to try an appeal from an order sustaining a demurrer in a civil case where no judgment has been rendered.

The consent of all parties or waiver of the point by respondent cannot confer jurisdiction; we are therefore compelled to dismiss this appeal.