G. W. E. GRIFFITH, et al., v. S. J. CARTER, Sheriff, et al.

1. PERSONAL PROPERTY; *Where to be Listed for Taxation.* A. & B. partners, resided in Douglas county. They had a stock of goods in Coffey county. They listed this stock in Douglas county and paid taxes on it. It was in charge, for purposes of sale, of an agent living in Coffey county. Without their knowledge he listed it in the latter county, and the county authorities thereof attempted to levy and collect taxes thereon: *held,* that such stock of goods was properly listed and taxed in Douglas county and exempt from taxation in Coffey county.

2. STATUTES; *Rule of Construction.* The intent of the legislature is to be determined by construing the language it employs with reference to the particular subject concerning which the words are used; and where a statute is divided into separate subjects or articles, having appropriate headings, it must be presumed and held that the provisions of each article are controlling upon the subject thereof, and operate as a general rule for settling such questions as are embraced therein.

*Error from Coffey District Court.*

INJUNCTION, to restrain the collection of taxes. *Griffith, Duncan & Duncan* filed their petition alleging that during all the year 1870 they were partners in trade and had their domicile in Douglas county; that in November, 1869, they commenced business in the town of Burlington, Coffey county, under the firm-name and style of "Marcell & Co.," and so continued in business up to and after the 1st of January, 1871; that they owned and controlled all the goods and personal property of said firm of Marcell & Co., in Coffey county; that Jacob A. Marcell, whose name appeared in said firm, was merely the clerk, salesman, or agent of plaintiffs for the sale of said goods and merchandise; that said goods and personal property were listed by plaintiffs for taxation in the year 1870 in Douglas county, and that the taxes thereon were paid by them in said county for that year; and that said Marcell, wholly without their authority, listed said goods and merchandise for taxation in Coffey county, in the name of "Marcell & Co.;" that defendant *C. H. Graham*, as county treasurer of Coffey county, had issued his warrant directed to defendant *Carter*, as sheriff of said county, for the collection of the taxes claimed to be due on said assessment in Coffey county, and praying that they be enjoined, etc. Defendants demurred to said petition on the ground that it did not state facts sufficient to constitute a cause of action. The action was tried on the issue so joined at the May Term, 1871. The demurrer was sustained, the petition dismissed, and defendants had judgment for costs. The plaintiffs bring the case here on error for review.

*Ruggles & Plumb*, for plaintiffs in error:

1. Section 8 of ch. 107, Gen. Stat., in very terms provides and declares that "personal property shall be listed and taxed, each year, in the township or city in which the person *charged with the tax thereon resided* on the first day of March." The plaintiffs were the *owners* of the goods, and whether the assessment be legally made in Douglas or Coffey county, *they* would

have to pay the taxes, being the "persons charged" therewith. But they *resided* in Douglas county on the 1st of March, and that determines the place where the property should be listed for taxation.

2. It is claimed that the goods are "merchant's stock," and are to be assessed in accordance with the provisions of art. 5 of said chapter. Under § 17 it is claimed that Marcell held the goods "subject to his control," and as such he is a merchant; and that it was *his* duty to list them at the place of his residence in Coffey county. Our construction of this section is, that where the person who *owns* the property resides within the state, then he shall be deemed a merchant and shall list the property; but where the "owner" *does not* reside within the state then the person who *controls* the property within the state shall list it. Ownership being the highest and paramount interest in property, it can hardly be contended that when the owner resided in the state, and exercised a general management over his own property, the person upon whom devolved only the temporary care or control of the same, with a view to sale, could control the question of assessment disregarding the owner's wishes, and list it where he pleased. If this be the true construction, then the clerk of any person owning goods, whether living in the same town or county with his employer, or in a different one, might list the goods so as to bind the owner; and still further, might be held a "merchant" under said § 17, and be required to list the goods of his employer in his own name.

In support of their construction defendants in error cite *Warner v. Werner*, 14 Wis., 366, and claim that our tax law is copied from the tax law of Wisconsin. The acts are similar, and in many respects ours is an exact copy of the Wisconsin act; (Laws of Wis., 1860, ch. 386, p. 397;) but in one respect there is a material change, and *Warner v. Werner* was decided upon the strength of a clause in the Wisconsin act which is not in the Kansas act at all. Sec. 5 of the Wisconsin tax law declares that "Merchants' and manufacturers' stock shall *be listed and taxed in the town or ward in which it was situated*

at the time of listing; but all *other* personal property shall be listed and taxed in the town or ward in which the person charged with the tax thereon resided at the time such property was listed." The first part of this provision has no parallel in our law; the last part (except that ours includes *all* personal property, instead of "other personal property" than the stock of merchants and manufacturers,) is in § 8 of our law, above quoted. The logic of defendants' position is, that the Kansas law with the clause affirmatively requiring certain goods to be listed where situated *left out*, means just the same as the Wisconsin act with that provision in it. It seems to us that our legislature by carefully eliminating the provision in question intended to adopt a different rule from that established by the Wisconsin legislature.

The law is plain, and it seems to us there is scarcely room for controversy as to its meaning. Defendants claim that if our construction is correct the law works "injustice." Like all general laws it may operate unequally in many cases. But it is still the law, and must be obeyed.

*A. M. F. Randolph*, county attorney, for defendants in error:

1. It is urged by plaintiffs that the fiction of the common law that all personal property follows the person of the owner, and accordingly for the purposes of taxation, personal property should be held to have no *situs* away from the person or residence of the owner, but should be deemed to be present with him at the place of his domicile, ought to prevail in behalf of plaintiffs in error; and it is strenuously insisted by plaintiffs, that §§ 4 and 8 of ch. 107, Gen. Stat., have in plain and unequivocal language quieted this question, and put it beyond the reach of dispute. The maxim, *mobilia personam sequuntur*, is by no means of universal application. Like other fictions, it has its special uses. It may be adopted when convenience and justice so require; but the illogical theory that personal estate for the purposes of taxation has no *situs* away from the person or residence of the owner, should never be suffered to stand in the way of justice. A practical denial of

the rule that personal property follows the person of the owner wherever he may be, was given by the supreme court of the United States, in *Green v. Van Buskirk*, 7 Wall., 139, in which the court say: "The fiction of law that the domicile of the owner draws to it his personal estate wherever it may happen to be, yields whenever, for the purposes of justice, the actual *situs* of the property should be examined." And see also, 1 Black, 286; 23 N. Y., 224; 30 Conn., 18; Story's Conflict of Laws, §§ 359, 516, 550.

2. But this case mainly turns upon the construction given to §§ 4, 7, 8, 17 and 19, of ch. 107, Gen. Stat. of 1868. The fortress of the plaintiffs, their Gibraltar, appears to be the final provision of § 8, that " all personal property shall be listed and taxed, each year, in the township or city in which the person charged with the tax thereon resided on the first day of March." It will hardly be maintained that the legislature intended to enact in this "sweeping allegation" a provision not to be construed with other provisions of the same act, and in no case to be limited and qualified in its operation—that they intended to enact in these general words a rule to which there could be no exception, a rule so inexorable as often to defeat the force and purpose of other provisions of the Tax Act, and daily to work inconvenience and injustice. In article 5, ch. 107, manifestly appears the intent of the legislature to *except* a particular class of persons and things, namely, merchants and manufacturers and their stock, from the general words of parts of article 3 of said act, and to make the actual *situs* of the personal property employed in merchandising and manufacturing determine where it must be listed for taxation, in case its locality and the domicile of the owner do not coincide. It is in favor of this view that these two classes of persons and personal property are legislated for and upon in an article separate and apart from article 3.

The language of §§ 17 and 19, art. 5, of said general Tax Act is express and clear, so that nothing beyond a literal construction thereof is required. Marcell & Co. having the control of personal property consigned to them by the plain-

36—8TH KAS.

tiffs in error, for the purpose of being sold at an advance price of profit, must be held to be *merchants* under the statute; and Marcell, in making out and delivering to the assessor a statement of his personal property for taxation in 1870, was by law required to *include* in such statement the value of personal property appertaining to the business of Marcell & Co., as merchants. We submit that the tax complained of was assessed in accordance with the plain and imperative provisions of § 17.

All the provisions of articles 3 and 5, general Tax Act of Kansas, are almost literal transcripts of §§ 4 and 5, chapter 386, General Laws of Wisconsin, 1860. In a decision upon that law the supreme court of that state say: "Our revenue law requires merchants' and manufacturers' stock to be listed and taxed in the town or ward in which it is situated at the time of listing, and all other personal property to be listed and taxed in the town or ward where the person charged with the tax resides when it is listed." *Warren v. Werner*, 14 Wis., 366. And see 20 Wis., 634; 10 Mass., 516.

The opinion of the court was delivered by ·

BREWER, J.: A single question is presented by the record and that is, in what county should certain property belonging to plaintiffs be listed for taxation. The facts are these: Plaintiffs all reside in Douglas county. They had a stock of goods in Burlington, Coffey county. The goods were in charge of Jacob A. Marcell, a clerk of theirs, for purposes of sale. They listed this property in Douglas county, and paid the taxes on it. Without their knowledge, consent, or authority, Marcell listed it in Coffey county, and the taxes not being paid a warrant issued to the sheriff of Coffey county. To restrain a levy under this warrant this action is brought.

The maxim of the common law was this: *Mobilia sequuntur personam.* The domicile of the owner drew to it his personal estate wherever it might happen to be. In the absence of any statutory provision to the contrary this common-law rule would control, and personal property be taxable only where the owner

**1. Personal property; where to be assessed.** had his domicile. But we are not left to this. The statute has in plain language affirmed the common-law rule. The last clause of § 8 of the tax law, Gen. Stat., page 1023, is as follows: "And all personal property shall be listed and taxed each year in the township or city in which the person charged with the tax thereon resided on the first day of March." Now the person chargeable with a tax is the owner of the property. Whatever provisions there may be in the statute—and there are many—for securing a full listing of all taxable property by requiring executors, trustees, agents, and all persons having possession of the property of others to list it, still such provisions do not change the burden or charge of the tax. It rests upon the *owner*. Payment must come out of his pocket. His property must make good the tax. The private property of an administrator cannot be taken to pay the tax levied upon the property of the estate of which he is administrator. Neither he nor his property is chargeable with such tax. It is no exception to the rule that an agent may be required to list the property of a nonresident owner and to be responsible for the tax, for the owner being beyond the reach of the sovereignty imposing the tax the only way he can be reached is through the person representing him within the sovereignty.

Again, where one article of a statute attempts to settle one class of questions its provisions are as a general rule, controlling upon such questions; and if in other portions of the statute are found provisions affecting such questions they will be held subordinate to those of that article. Thus, in the civil **2. Construction of statutes.** code is an article on the counties in which actions must be brought. It aims to determine all that class of questions. Now if in other portions of the code should be found provisions which under certain constructions would seem to bear upon the question of the places of actions, still such provisions would be construed as bearing chiefly upon the topics of the articles in which they are found, and in regard to the question of the places for bringing actions as subordinate to the provisions of the first named article; for

the intent of the legislator, like the meaning of any other writer, is determined by construing his language with reference to the topic of which he is writing; and where he has divided his article into topics, he will be presumed to have said all he desires upon a given topic under its proper head. Now the section from which we have quoted is in art. 3, which is entitled "By whom and where property shall be listed for taxation." It is an article whose obvious aim and purport is to settle and determine all of those questions. Hence, where a matter of doubt arises between its provisions and other provisions of the statute, so far as the place of listing property is concerned, its requirements should be deemed controlling. We have called attention to this rule of construction because it is earnestly insisted that under § 17 of the tax law, Gen. Stat., p. 1026, Marcell, the agent, was justified in listing this property, and the county authorities of Coffey county in levying and collecting a tax upon it. That section so far as it bears upon this question is as follows: "Every person who shall own or *hold subject to his control* any personal property within this state, which shall have been purchased with a view of being sold at an advance price or profit, or which shall have been consigned to him for the purpose of being so sold, shall be held to be a merchant; and when such person shall be required, according to the provisions of this act, to make out and deliver to the assessor a statement of his personal property he shall include in such statement the value of personal property appertaining to his business as a merchant." This section is found in an article entitled "Merchants and Manufacturers." The argument is this: Marcell *holding this stock of goods under his control* was by this section a merchant; it was therefore his duty to list this stock. He lived in Coffey county, and listed his own property there; hence he was compelled to list this stock there. It being his duty to list, the county authorities could rightfully accept the listing and impose and collect a tax from the property. The same argument will apply with equal force to the plaintiffs. They *owned* this stock; they were therefore merchants; it was their duty to list

this stock when and where they listed their other personal property, as required by the provisions of the tax act. That act required them to list their other personal property in Douglas county; it was therefore their duty to list this stock in Douglas county. It being their duty thus to list, the county authorities of Douglas county could rightfully accept the list and impose and collect a tax. But this would result in taxing the same property twice. This section cannot as it seems to us determine in which county this stock should be listed for taxation, for by the terms of the section both plaintiffs and Marcell are merchants with reference to this stock. Both are so far as this section alone is concerned under equal obligations to list it. Listing it, they are compelled to list it in the counties of their respective residences. Thus listing it, the property would be subject to double taxation. Whatever might be the efficacy of this section where the owner is a non-resident of the state, in determining the *locus* of a tax, where both owner and holder of the stock are the residents we conceive that it is powerless, and that the place of the tax must be settled by other provisions of the statute. Those provisions, as we have seen, require that this property be listed and taxed in Douglas county. The decisions of the supreme court of Wisconsin upon this point are entirely inapplicable here, for though the general provisions of their tax law are like ours, yet the paragraph corresponding to the one first quoted from our statute is as follows: "Merchants' and manufacturers' stock shall be listed and taxed in the town or ward in which it was situated at the time of listing; but all other personal property shall be listed and taxed in the town or ward in which the person charged with the tax thereon resided at the time such property was listed." Laws Wisconsin, 1860, p. 401, § 5. The distinction between their statute and ours in reference to the point under consideration is too plain to require any further notice. Holding then as we do, that this stock was properly listed and taxed in Douglas county, we shall have to reverse the judgment of the district court and remand the case with instructions to

overrule the demurrer to the petition of plaintiffs and proceed with the case in accordance with the opinions herein expressed.

VALENTINE, J., concurring.