JOHN R. SWALLOW v. CHESTER THOMAS, JR., *Sheriff, &c.*

ASSESSMENT OF PERSONAL PROPERTY, *of Partners; Where to be Listed.* In 1872, S. and A. were partners in an unincorporated bank in Marion county; S. resided in Shawnee, and A. in Marion county. A. was the cashier and principal accounting officer. As such he listed the entire personal property of the bank for taxation in Marion county. *Held,* that this listing must be sustained, and that the entire property was taxable in that county.

*Error from Shawnee District Court.*

SWALLOW as plaintiff filed his petition against *Thomas,* as sheriff of Shawnee county, as defendant. The petition stated, that on the first day of March 1872, the plaintiff and one Peter Aller were the owners of a banking business in Marion county, as partners, with a capital of about $6,000, of which said sum they had invested $2,500 in real estate, for the purpose of carrying on their business; that on the said first day of March 1872, and for eight years preceding, said plaintiff had continuously resided and domiciled in the city of Topeka, Shawnee county; that in April 1872, he had duly listed, for said year, all personal property which by law he was required to list, either on his own account or on behalf of others, duly verified, and delivered the same to the assessor of the city of Topeka, and that he had paid to the treasurer of Shawnee county all taxes levied on said personal-property assessment. The petition then alleges that the said Aller, or some other

person to the said *Swallow* unknown, in May 1872, in the name of "J. R. Swallow & Co.," unlawfully made out and delivered a pretended list of personal property in Doyle township, Marion county, and unlawfully returned the same to the township assessor of said township of Doyle; "that the sum of $17,240 included in said list is fraudulent and false, except as hereinbefore stated, and that the said list was so made out and returned without the knowledge and consent of the said Swallow." On said assessment there was levied against J. R. Swallow & Co. taxes to amount of $768, by officers of Marion county. These taxes remaining unpaid, except the sum of $95.75 paid by some one unknown to Swallow, the treasurer of Marion county, in June 1873, issued and transmitted to *Thomas*, as sheriff of Shawnee county, a warrant for the collection of the sum of $729.10. This action is brought to enjoin the collection of said Marion county taxes. The defendant demurred to the petition, which demurrer was sustained by the district court, at the December Term 1873, from which judgment plaintiff appeals, and brings the case here for review.

*Guthrie & Brown*, for plaintiff, contended that this case is settled in the case of *Griffith v. Carter*, 8 Kas., 570; that the maxim of the common law was, *mobilia personam sequuntur;* that the domicile of the owner draws to it his personal estate, wherever it may happen to be—and they cited § 8 of the Tax Law; 10 Ohio St. 437; 29 Md. 48; Albany Law Jour., May 9th, 1874, p. 305.

*L. F. Keller*, and *Frank Doster*, for defendant in error, contended that Aller, the cashier and principal and only accounting officer of the banking-firm of Swallow & Co., the managing partner thereof, who had charge of, and personal supervision over the business of the firm, where the property of the bank was, and where the only business office of the firm was located, was the proper person to list the whole undivided interest of the firm in the township wherein he

resided, and at the place where the business of the partnership was transacted. They also submitted that the facts in the case of *Griffith v. Carter*, cited by plaintiff, were so unlike the facts here, that said case did not govern.

The opinion of the court was delivered by

BREWER, J.: In the year 1872 plaintiff and one Peter Aller were the owners, as partners, of the Marion County Bank, an unincorporated bank in the town of Florence, and county of Marion. Plaintiff resided in Shawnee, and Peter Aller in Marion county. The latter was the cashier and principal accounting officer. As such, he listed the entire personal property of the bank for taxation in the county of Marion. Was it properly all taxable in that county? or, only the interest of Aller there, and the interest of plaintiff in the county of his residence? This is the question presented in this case. And it is a question involving merely the construction of our statutes; for of the power of the legislature to separate for the purposes of taxation, the *situs* of personal property from the domicile of its owner, there can be no doubt. *Tappan v. National Bank*, 19 Wall. 490. Nor any of the fact that, unless it has so separated it, it is taxable at his domicile. This general doctrine of the common law, expressed as it is by the maxim, *mobilia personam sequuntur*, finds also recognition in our tax law. "All personal property shall be listed and taxed each year, in the township or city in which the person charged with the tax thereon resided on the first day of March." (Gen. Stat. p. 1023, § 8.) This clause came up for consideration in the case of *Griffith v. Carter*, 8 Kas. 565. There the plaintiffs, partners in business, all resided in Douglas county, but had a stock of goods in Coffey county in charge of an employé. The former was held the *situs* of the stock for taxation. (A better rule has been since established by the legislature: Laws of 1874, p. 210.) Counsel for plaintiff mainly rely upon this case of *Griffith v. Carter*, and consider it decisive. And if the clause of the statute quoted was the only one bearing upon the question,

there would be no room for doubt. But in § 7 we find this provision : "The property of persons or corporations, whose assets are in the hands of receivers, shall be listed by such receivers, *and the property of every other corporation, company, or firm,* subject to taxation under this act, *shall be listed* by the principal accounting officer, or by an agent or partner thereof." This seems to contemplate that the property of a firm should be listed as a whole, and not that each partner should list his property separately. The partnership is here regarded, as it is for so many other purposes in the law, as distinct from the individuals composing it, as if it were a third person. And it, as a single owner of so much property, is compelled to list the same for taxation. Corporations, companies, and firms, are placed upon the same basis. They are treated as separate, independent owners of property. The same thing appears elsewhere in the tax law. See §§ 4, 5, 6, and 8, in which mention is frequently made of "person, company, or corporation." Now, effect must be given if possible to every portion of a law. By sustaining the listing made by Aller, we do in this case give effect to both provisions quoted. The property of the firm was listed as an entirety; it was listed by the principal accounting officer, and a partner; and it was listed in the township in which the person charged with the tax resided, for each member of a firm is chargeable with its entire debts. In fact, a partner's interest in the partnership property is a right to his share of whatever remains after all the partnership debts are paid. The whole of this tax was chargeable upon Aller, and might have been collected from his separate property. The firm too, so far as it had a residence distinct from the residence of the different partners, resided in Marion county. This case differs from that of *Griffith v. Carter* in this, that all the partners there resided, and the firm of Griffith, Duncan & Duncan which owned the goods, was located in Douglas county, so that there was no one in Coffey county who could properly be said to be chargeable with the tax, or whose property would be at all diminished by its payment. Listing the

property in Douglas county, they listed the property of the firm as a whole, listed it by the partners, and listed it in the township in which all the persons charged with the tax resided. The difference is obvious and vital. Upon the facts as stated, while the case is not free from doubt, we think the listing by Aller must be sustained, and the judgment of the district court will be affirmed.

All the Justices concurring.