JUDGE ROBERTSON
delivered the opinion of the court:
Mary F. Thomas, an infant, and her statutory guardian, O. H. P. Thomas, both resident in the city of Mays-ville, Kentucky, moved the county court of Mason to reduce to ten thousand dollars an assessment to the amount of twenty-two thousand dollars, which had been made for the year 1867, against her or her guardian, under the equalization law; and they now complain that the court erroneously overruled the motion.
it appears that her father and her guardian, partners, in business in Maysville, had, before the father’s death, advanced to the mercantile house of Poyntz & Bruce, in Cincinnati, money, to be employed in the business of that house, which agreed to pay the taxes on it in Ohio, and to pay indefinite interest for the use of it. It seems agreed that the father’s interest in that fund was twelve thousand dollars, and as such, the guardian listed it, together with ten thousand dollars in his hands, in Mays-ville, for taxation, in Mason county; but ascertaining that, for the same year, Poyntz & Bruce had been taxed under a local law of Ohio for the same fund, and had paid the tax, he made the motion in this case to test its liability to taxation also in Kentucky as the property of his ward.
Until a settlement of the accounts of the partnership with her deceased father, the precise amount of her interest in the Cincinnati fund cannot be known; but, as the parties seem to agree that it is at least twelve thousand dollars, we must so assume it to be; and although it may never have actually come to the hands of the guardian, yet it may be taxable in Kentucky as her property.
If that fund had been taxed as her property in Ohio, it ought not to be taxed again in Kentucky; but unless *137 it had, as hers, been in an agent’s hands in Ohio, the law of that State did not authorize the taxation of it as her property, but required Poyntz & Bruce to pay tax on it as their own property, used for their own benefit; and it does not appear that it was held by Poyntz & Bruce as her trustees, or for her use, but rather that it was used by them for their own benefit as borrowed capital. Then it was, by a statute of Ohio, subject to taxation as their property, and by a statute of Kentucky her interest in it, being her property here, was also liable to assessment as a part of the revenue of Kentucky. Borrowed capital in Ohio is taxable as the borrower’s property there, and the debt due to the lender in Kentucky is taxable here as her property. In this case, the ward’s right to the money in Ohio is a portion of the wealth of Kentucky, and ought to contribute to the burthens of the government which protects her; and if it could escape contribution by lending it in Ohio, a knowledge of that fact would encourage the exhausting deportation of the money of Kentucky to augment the wealth of some other State.
Consequently, concurring as this court does with the county court, that the debt due to the ward in Ohio is her property here, and legally assessable for taxation in Mason county, the judgment of that court is affirmed.