PUGET SOUND NATIONAL BANK OF EVERETT v. JOHN MATHER
and Others.[1]

February 27, 1895.

No. 9090.

Garnishment—Property Subject—Stock Certificates.

Certificates of stock in a foreign corporation are personal property, and, when in the hands of third parties within this state, are subject to garnishment proceedings, under G. S. 1894, § 5309.

Action by Puget Sound National Bank of Everett, Washington, against John Mather and others as defendants, and Minneapolis Trust Company as garnishee. From an order of the district court for Ramsey county, Egan, J., denying a motion for the discharge of the garnishee, the garnishee appealed. The facts are stated in the opinion. Affirmed.

*J. B. Atwater*, for appellant.

At common law, stock in corporations was not subject to levy by execution or attachment; and liens upon it by process of the courts can be acquired only in accordance with statute. Van Norman v. Jackson Circuit Judge, 45 Mich. 204, 7 N. W. 796; Cook, Stock, § 480; Drake, Attach. § 244; 23 Am. & E. Enc. Law, 632. Shares of stock can neither be attached, garnished, nor levied upon under execution, except in the state where the corporation exists. 2 Morawetz, Corp. § 977, note; Cook, Stock, § 485; Moore v. Gennett, 2 Tenn. Ch. 375; Christmas v. Biddell, 13 Pa. St. 223; Younkin v. Collier, 47 Fed. 571.

*Davis, Kellogg & Severance*, for respondent.

Stock is personal property. Lund v. Wheaton Roller Mill Co., 50 Minn. 36, 52 N. W. 268; Joslyn v. St. Paul Distilling Co., 44 Minn. 183, 46 N. W. 337; Baldwin v. Canfield, 26 Minn. 43, 1 N. W. 261; McAllister v. Kuhn, 96 U. S. 87; Curtis v. Steever, 36 N. J. Law, 304; Union Nat. Bank v. Byram, 131 Ill. 92, 22 N. E. 842; McNeil v. Tenth

[1] Reported in 62 N. W. 396.

Nat. Bank, 46 N. Y. 325; Chesapeake v. Paine, 29 Gratt. (Va.) 502; Johns v. Johns, 1 Ohio St. 350; Griffith v. Watson, 19 Kan. 23; Union Bank v. State, 9 Yerg. 489; Waltham Bank v. Waltham, 10 Metc. (Mass.) 334. The statute should be liberally construed. First Nat. Bank v. Hanchett, 126 Ill. 499, 16 N. E. 907; Hannibal R. R. Co. v. Crane, 102 Ill. 249.

COLLINS, J. At the time of the service of the garnishee summons in this action, the party garnished had in its possession, as collateral to the payment of a debt incurred by defendants, a large number of certificates of stock in a foreign corporation organized and doing business in the state of Washington. The garnishee (appellant) contends that these certificates are not subject to garnishment under the statutes of our state, and there is no other question in the case. These instruments were in the usual form, it being certified that a certain party is the owner of a specified number of shares of the capital stock of the corporation, transferable only on the books of the corporation on the surrender of the certificate. We may concede, without determining, that, at common law, stock itself, whether in a domestic or foreign corporation, was not subject to levy by writ of attachment or on execution; yet, when we examine the reason given for such rule in the authorities, it is certainly very doubtful if it would be applied where the certificates of stock were capable of actual seizure under the writ. But, in view of our statute regulating garnishee proceedings, we are very clear that these certificates are subject to garnishment. G. S. 1894, § 5309, provides that service of the summons on the garnishee shall attach and bind all property, money, and effects in his hands or under his control belonging to the defendant; while in G. S. 1894, § 5331, subsequent procedure is provided for in case the garnishee has a lien on such property or effects for the payment of a debt. G. S. 1894, § 5316, defines what shall be deemed "effects," under the garnishment laws; and probably stock certificates could not be so regarded. But stock held in domestic corporations is declared to be personal property by G. S. 1894, § 2799; and there is a similar statute in the state in which the corporation which issued these certificates was organized, and in which it does business (1 Hill's St. Wash. § 1506). And stock shares or certificates are clearly "property," within the

broad meaning of that word, without any statutory enactment. Morawetz, Corp. § 225. Such certificates, whether the corporation be domestic or foreign, are bought and sold in the markets of the world as personal property. Those held by the garnishee in this case were pledged to it as personal property, and were held as such. If occasion required, replevin could be brought for their recovery, or, in case of a conversion, an action would lie for their value. Certainly they are property subject to garnishment, under G. S. 1894, § 5309, unless the fact that they are certificates of stock in a foreign corporation changes their character, and, by reason of the change, we are compelled to distinguish them from like instruments issued by home corporations. Two cases are cited, as leading cases, by appellant's counsel in support of his position. One, Plimpton v. Bigelow, 93 N. Y. 592, is not in point, as will be seen at a glance. The other, Winslow v. Fletcher, 53 Conn. 390, 4 Atl. 250, may be, although the question at issue grew out of an attempt to reach a nonresident pledgor's equitable interest in stock certificates issued by a foreign corporation by what is known in Connecticut as the "process of foreign attachment." But, if this case was exactly in point, we should not be inclined to follow it. We ought not to adopt any rule of law which would result in discrimination between stock certificates issued by domestic and foreign corporations in favor of the latter; nor to announce any doctrine which will permit a person to bring within our borders certificates of stock in a foreign corporation, sell or hypothecate them, to treat them as personal property when seeking redress in our courts for an unlawful interference with or appropriation of the same, and then to insist that they are not within our statute which provides that "property" shall be subject to garnishment, or within other statutes relating to the seizure of property by virtue of writs of attachment or execution.

Order affirmed.