In the Matter of the Appraisal for Taxation of the Estate of GEORGE MORGAN, Deceased.

TRANSFER TAX ACT — BONDS OF FOREIGN CORPORATIONS OWNED BY NON-RESIDENT DECEDENT, DEPOSITED IN THIS STATE. Bonds of foreign corporations, both registered and coupon, owned by a non-resident decedent, but habitually kept by him in a safe deposit vault in this state, and so present in this state at the time of the decedent's death, are subject to taxation under the Transfer Tax Act (Laws of 1892, chap. 399).
*Matter of Morgan*, 2 App. Div. 619, affirmed.

(Argued April 21, 1896; decided October 6, 1896.)

APPEAL from order of the Appellate Division of the Supreme Court in the first judicial department, made February 14, 1896, which affirmed an order of the surrogate of the county of New York, affirming an appraisal of property under the Transfer Tax Act (Chap. 399, Laws of 1892).

The facts, so far as material, are stated in the opinions.

*George L. Rives* for executors, appellants.

*Emmet R. Olcott, Jabish Holmes, Jr.,* and *Edgar J. Levey* for the comptroller of the city of New York, respondent.

VANN, J. The decedent died on the 17th of December, 1894, a resident of Lakewood, New Jersey, leaving a will by which he gave substantially all of his estate to certain nieces and their children. His will was admitted to probate in the

city of New York on the 5th of April, 1895. His personal property, valued at $239,931.14, consisted of stocks and bonds of foreign and domestic corporations, mortgages upon lands in this state, and moneys deposited in banks in this state. All of the securities, with some unimportant exceptions, were habitually kept by the decedent in a safe deposit vault in this state, in charge of an agent in this state. The stocks of foreign corporations were excluded by the appraiser, while the bonds of foreign corporations were included by him. The decision of the surrogate, sustaining the appraisal, was affirmed by the Appellate Division upon the same grounds as in the *Whiting* case. There is no distinction between the two cases, except that in the latter it did not appear whether the foreign bonds were registered or coupon, while in the case in hand there were both kinds. I think that the decision of this case is governed by the rules laid down in the *Whiting* and *Houdayer* cases, and that further discussion of the subject is unnecessary.

The order appealed from should be affirmed, with costs.

GRAY, J. (dissenting). There is no other difference between this and the *Whiting* case than that, in the present case, it appears that some of the bonds of the foreign corporation, which were owned by the non-resident decedent, were registered. The legal proposition, which must determine the question of taxation, cannot be affected by the fact that the negotiability of the corporate bonds, or obligations, is withdrawn by registering upon the corporate books the name of their owner, and by writing his name upon them.

I think the order appealed from should be reversed, with costs.

O'BRIEN, J., concurs with VANN, J.; ANDREWS, Ch. J., BARTLETT and MARTIN, JJ., concur in result of opinion of VANN, J.; HAIGHT, J., concurs with GRAY, J.

Order affirmed.