[S. F. No. 2017.   In Bank.—May 16, 1900.]

In the Matter of the Estate ·of JAMES G. FAIR, Deceased. WASHINGTON DODGE, Assessor, Respondent, v. J. S. ANGUS et al., Executors, Appellants.

TAXATION—SECURED RAILROAD BONDS—DOUBLE TAXATION—CASE AFFIRMED.—A tax upon the bonds of railroad companies of this state, secured by mortgage upon their property, which is required to be assessed at its full value to such companies, is double taxation, forbidden by the constitution. The case of *Germania Trust Co. v. San Francisco, ante,* p. 589, affirmed.

ID.—SECURED BONDS OF PRIVATE CORPORATIONS—MODE OF ASSESSMENT— VOID ASSESSMENT.—The bonds of private domestic corporations secured by mortgage or deed of trust can only be taxed, under section 4 of article XIII of the constitution, by assessing the value of the security as an interest in the property encumbered for their payment. They cannot be assessed as mere personal debts or credits, and such an assessment is void.

ID.—BONDS OF FOREIGN RAILROAD CORPORATIONS—POSSESSION BY FOREIGN AGENTS—ASSESSMENT AT CREDITOR'S DOMICILE.—Bonds of foreign railroad corporations owned by a resident of this state, or his executors, which are deposited without the state, but which are not held for management in the course of the permanent business of the owner in another state, are not to be classed with chattels having a local situs for the purposes of taxation, but, like ordinary credits, attend the person of the creditor, and are taxable in this state as the domicile of the owner. The assessability of such bonds in this state depends neither upon the presence in this state of the evidences of debt, nor upon whether they are or are not negotiable in form.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge.

The facts are stated in the opinion.

Pierson & Mitchell, George E. Crothers, and Garret .W. McEnerney, for Appellants.

Bonds of railroad and *quasi* public corporations in this state are not assessable. There can be no double taxation. (Const., art. XIII, sec. 1; Pol. Code, sec. 3617; *People v. Hibernia Bank,* 51 Cal. 243; 21 Am. Rep. 704; *Bank of Mendocino v. Chalfant,* 51 Cal. 370; *McHenry v. Downer,* 116 Cal. 20-24; *Burke v. Bad-*

lam, 57 Cal. 594; *San Francisco v. Anderson,* 103 Cal. 69; 42 Am. St. Rep. 98; *San Francisco v. Mackey,* 10 Saw. 302; 21 Fed. Rep. 540.) Bonds of private corporations are not taxable as such, the lien, as an interest in the property, being the only subject matter taxable. (Const., art. XIII, sec. 1.) Bonds not in this state on the first Monday in March are not taxable. It is only "property in this state" which is taxable under the constitution, article XIII, section 1, and under section 3607 of the Political Code. (*People ex rel. Jefferson v. Gardner,* 51 Barb. 352; *State v. St. Louis County Court,* 47 Mo. 594; *Redmond v. Commissioners of Rutherford,* 87 N. C. 122; *Catlin v. Hull,* 21 Vt. 152, 157; *Duer v. Small,* 4 Blatchf. 263; *Varner v. Calhoun,* 48 Ala. 178; *Hoyt v. Commissioner of Taxes,* 23 N. Y. 225; *People v. Home Ins. Co.,* 29 Cal. 534; *State ex rel. Dunnica v. Howard County Court,* 69 Mo. 454; Burroughs on Taxation, secs. 40, 45, 50; *Bradley v. Bauder,* 36 Ohio St. 25; 38 Am. Rep. 547; *Poppleton v. Yamhill Co.,* 18 Or. 377; *Susquehanna Canal Co. v. Commonwealth,* 72 Pa. St. 72; *Finley v. Philadelphia,* 32 Pa. St. 381; *People v. Trustees of Ogdensburgh,* 48 N. Y. 397; *Graham v. First Nat. Bank of Norfolk,* 84 N. Y. 393; 38 Am. Rep. 528.)

Franklin K. Lane, City and County Attorney, and W. I. Brobeck, Assistant, for Respondent.

"Credits" and "bonds" are taxable in this state. (Const., art. XIII, sec. 1.) The prevailing opinion in the courts of the Union should require this court to hold that railroad bonds are taxable. (*State Tax on Foreign-held Bonds,* 15 Wall. 320; Burroughs on Taxation, 47, 50; *Lamar v. Palmer,* 18 Fla. 150; *People v. Worthington,* 21 Ill. 171; 74 Am. Dec. 93, and note; *Alabama etc. Ins. Co. v. Lott,* 54 Ala. 499; *Augusta Bank v. Augusta,* 36 Me. 259; *Goldgart v. People,* 106 Ill. 25; *State v. Carson City Savings Bank,* 17 Nev. 149; *Kirtland v. Hotchkiss,* 100 U. S. 491; *Judge v. Spencer,* 15 Utah, 242; *New Orleans v. Mechanics' etc. Ins. Co.,* 30 La. Ann. 876; 31 Am. Rep. 232; *Cook v. Burlington,* 59 Iowa, 251, 253; 44 Am. Rep. 679.) The mortgage bonds of private corporations are taxable under the terms of the constitution as "bonds" (Const., art. XIII, sec. 1) and the lien of the mortgage is not the only taxable interest.

Bonds of foreign corporations owned by residents of California, are taxable in California. All credits follow the person of the creditor. (*People v. Park*, 23 Cal. 139, and cases cited; *People v. Whartenby*, 38 Cal. 466; *San Francisco v. Lux*, 64 Cal. 481; *Mackay v. San Francisco*, 113 Cal. 392; *Cornwall v. Todd*, 38 Conn. 446, 447; *McGregor v. Vanpel*, 24 Iowa, 436; *Stephens v. Booneville*, 34 Mo. 323; *Johnson v. Oregon City*, 2 Or. 327; 3 Or. 13; *Staunton v. Stout*, 86 Va. 321.) It is immaterial that the bonds are not actually held in the state, as the property in them follows the person of the creditor, and are taxable at his domicile. (*Kirtland v. Hotchkiss, supra; Finch v. York Co.*, 19 Neb. 50; 56 Am. Rep. 741; *Appeal Tax v. Patterson*, 50 Md. 368; *Latrobe v. Baltimore*, 19 Md. 13; *State v. Earl*, 1 Nev. 394.)

BRITT, C.—James G. Fair at the time of his death was a resident of the city and county of San Francisco, in this state, and his estate is in course of administration in the superior court of said city and county. Section 3820 of the Political Code (amended, Stats. 1895, p. 335) provides for the collection of taxes on personal property by the assessor when, in his opinion, such taxes are not a lien upon real property sufficient to secure payment of the same. Personal property of the estate of Fair to a large amount in value was assessed for purposes of taxation for the fiscal year 1899-1900 by the assessor of said city and county; afterward the assessor filed a petition in said superior court praying an order directing the executors of the last will of said deceased to pay the taxes on the personalty assessed as aforesaid, which taxes amounted to ninety-eight thousand eight hundred and twelve dollars. The executors answered the petition and for defense alleged, among other things, that they had tendered to the assessor the amount of the taxes on all the personal property of said estate liable to taxation in said city and county, and that he refused to receive the same; that the residue of the property assessed consists of the bonds of various corporations secured by mortgage on the property of the obligors, respectively, which bonds, the executors claimed, are not subject to taxation in said city and county. The court sustained a demurrer to the answer, and made an order requiring the executors to pay the sum demanded by the assessor, from which order they have appealed. The bonds men-

tioned in the answer of the executors constitute the great bulk of the property assessed as stated; they are separable into three general classes, each requiring distinct consideration.

1. The first class consists of bonds of the South Pacific Coast Railway Company, and bonds of the Northern Railway Company of California, each of which railroad companies is a corporation organized under the laws of this state and engaged in operating a railroad wholly within the state; the bonds are secured by mortgage on all the property of the respective mortgagors; the valuation thereof in the assessment aforesaid amounts to above four and a half millions of dollars. The question of the liability to taxation of bonds such as these is fully treated in the opinion rendered in *Germania Trust Co. v. San Francisco, ante,* p. 589, this day filed, and for the reasons therein stated the assessment of the bonds of this class is void.

2. The assessment includes bonds of certain domestic corporations not "railroad or *quasi* public," which bonds are secured by deed of trust of real property. The principal item of this class consists of bonds of the Pacific Rolling Mills Company valued at seventy-three thousand dollars. Section 4 of article XIII of the constitution of this state is as follows: "A mortgage, deed of trust, contract, or other obligation by which a debt is secured shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby. Except as to railroad and other *quasi* public corporations, in case of debts so secured, the value of the property affected by such mortgage, deed of trust, contract, or obligation, less the value of such security, shall be assessed and taxed to the owner of the property, and the value of such security shall be assessed and taxed to the owner thereof, in the county, city, or district in which the property affected thereby is situated. The taxes so levied shall be a lien upon the property and security, and may be paid by either party to such security; if paid by the owner of the security, the tax so levied upon the property affected thereby shall become a part of the debt so secured; if the owner of the property shall pay the tax so levied on such security, it shall constitute a payment thereon, and to the extent of such payment a full discharge thereof; provided, that if any such security or indebtedness shall

be paid by any such debtor or debtors, after assessment and be-fore the tax levy, the amount of such levy may likewise be retained by such debtor or debtors, and shall be computed ac-cording to the tax levy for the preceding year."

Referring to the provisions of this section, it is remarked in the brief of counsel for the assessor: "This needs no interpreta-tion. The mortgage bonds are assessable to the owners thereof; the property affected thereby, less the bonded indebtedness, is to be assessed to the owner thereof." It may be admitted for pres-ent purposes that mortgage bonds such as those of the Pacific Rolling Mills Company are assessable to the holders of them, or, if the names of the holders are not ascertainable, then to un-known owners; but to whomsoever they are assessed and taxed it is perfectly plain that the mode adopted must be that pre-scribed by said section 4; that is to say, they must be assessed as an interest in the property encumbered for their payment. Since they are secured by deed of trust of real estate belong-ing to the obligor, they are, by express requirement of said sec-tion, to be deemed and treated for purposes of assessment and taxation as an interest in such property. That property being real estate, the bonds can in no event be assessed as mere per-sonal debts or credits. When properly assessed the tax on them is to be collected by the tax collector, and not by the as-sessor under section 3820 of the Political Code. No one has ever supposed that under the law of this state as it now stands a promissory note secured by mortgage of lands can be disso-ciated from the mortgage and assessed as an unsecured credit of the holder. The bonds of the Pacific Rolling Mills Com-pany are secured by deed of trust instead of a mortgage, but that is a wholly immaterial difference. The assessment of them in the manner disclosed by the record here was void.

3. The bonds remaining to be considered are those of certain railroad corporations organized under the laws of the state of West Virginia and engaged in operating their respective roads in that state and elsewhere than in the state of California; the assessment of this class of bonds amounts to something over seven hundred and thirteen thousand dollars. These bonds are not, and never have been, physically present in the said city and county of San Francisco, or within the state, but

have been and are kept in the city of New York or elsewhere at the east. The executors contend that the state of California has not provided by law for the exercise of the right which it admittedly possesses to tax choses in action owned by a resident of the state, the paper evidences whereof are without the geographic confines of the state; they cite the provision of section 1, article XIII, of the constitution, that "all property in the state shall be taxed," etc., as declarative of the policy that only property corporeally present in the state is to be taxed; to which the assessor replies that the bonds in contemplation of law are within the state because of the principle that intangible personal property has no situs apart from the domicile of the owner.

As to corporeal chattels such as live animals, manufactured goods, and the like, it is doubtless the rule that they are taxable in the state where they have local situation, though the owner may reside elsewhere. The executors argue that the bonds here in question have been assimilated to the species of property just mentioned and "have acquired the character of tangible visible property with reference to taxation." We cannot accede to this proposition in its generality; there is a great difference between such bonds and tangible goods; if a domestic animal perishes, or if a ship is lost, that much property has ceased to exist and the owner is poorer by the value of the same; if, however, the bond evidencing a debt is destroyed the debt is not affected, the owner may still collect both principal and interest thereof; not the paper writing, but the obligation to pay expressed by it, is the thing of value, and in the nature of things this can have no actual locality. The general rule is that debts attend the person of the creditor, and are taxable at his domicile. A number of cases involving the principle have arisen in this court. "When credits are made the subject of taxation it is appropriate that their locality should be referred to the residence of the owner." (*San Francisco v. Lux*, 64 Cal. 481-83; *San Francisco v. Mackay*, 113 Cal. 398, 399; *People v. Park*, 23 Cal. 138.) "The property to be assessed in such cases is money at interest or debts. The money at interest, debt, or obligation is the principal thing, and the mortgage is only a security—a mere incident to the debt or obligation.

The mortgage has no existence independent of the thing secured by it; and payment of the debt discharges the mortgage. The thing secured is intangible, and has no situs distinct and apart from the residence of the holder. It pertains to and follows the person." (*People v. Eastman*, 25 Cal. 601, 603.)

The executors urge that those cases (other than *Mackay v. San Francisco, supra*) related to the situs of credits for purposes of taxation only as between different counties of this state, and that here the question is the wider one of the jurisdiction of different states; also, that those cases concern non-negotiable choses in action, while the bonds assessed in the present case are negotiable in form; and it is contended that these differences in fact are sufficient to distinguish the law of the present case from those referred to. The negotiable character of the bonds of the West Virginia railroad corporations does not appear from the record; but, in our opinion, if it were so apparent, neither that circumstance, nor the mere fact that they are kept out of the state, can affect the rule that they have locality for purposes of taxation at the place where they are held—that is, owned. The principle on which the cases above mentioned were decided does not depend on the presence in the state of the evidences of the debt, nor whether they are negotiable or non-negotiable in form, although it may be allowed that cases might arise where these considerations, co-operating with other circumstances, would affect or modify or possibly forbid the application of the principle; the present is not such a case; a negotiable railroad bond deposited without the state is no more the debt or credit which it represents than is a non-negotiable bond kept within the state; in neither instance is the paper the only evidence by which the debt or credit might be proved; if it were destroyed, the thing it represents would still exist, and in contemplation of law have its locality at the residence of the owner. At that place, therefore, it should be held to be taxable; and to this effect are far the more numerous authorities and those more consonant with legal reason. (Cooley on Taxation, 2d ed., 79, 372; *Hunter v. Page Co. Supervisors*, 33 Iowa, 376; 11 Am. Rep. 132; *Arapahoe Co. Commrs. v. Cutter*, 3 Colo. 349; *De Vignier v. New Orleans*, 16 Fed. Rep. 11, 12; *Myers v.*

*Seaberger*, 45 Ohio St. 232, 235; *Thomas v. Mason County Court*, 4 Bush, 135; *State v. Earl*, 1 Nev. 394; *Forseman v. Byrns*, 68 Ind. 247; *Augusta v. Dunbar*, 50 Ga. 387; *Hayne v. Deliesselline*, 3 McCord, 374; *Boyd v. Selma*, 96 Ala. 144; *Ferris v. Kimble*, 75 Tex. 476; *State Tax on Foreign-held Bonds*, 15 Wall. 300; *Kirtland v. Hotchkiss*, 100 U. S. 491.) For further enunciations of the rule and citations of authority, see *New Albany v. Meekin* (Ind.), 56 Am. Dec. 522, note, 529; 25 Am. & Eng. Ency. of Law, 126, 127; Cooley on Taxation, 2d ed., 56. There is an exception which has obtained extensive recognition—where the paper evidences of debt are in the possession and control of an agent of the owner in a state foreign to the domicile of the latter, and are held by the agent for management in the course of the permanent business of the owner, as for example, to collect the money to become due thereon and to reinvest it, the securities are deemed to be taxable at the domicile of such agent. *Catlin v. Hull*, 21 Vt. 152, seems to be the leading case holding this doctrine. *People v. Smith*, 88 N. Y. 576, *Finch v. York Co.*, 19 Neb. 50, 56 Am. Rep. 741, and *Goldgart v. People*, 106 Ill. 25, are further illustrations. We are not at present concerned with the validity of such exception, for the bonds owned by the estate of Fair are not shown to be within the conditions to which the exception relates.

The executors lay stress on the decision in *People v. Home Ins. Co.*, 29 Cal. 533. In that case certain bonds of the state of California owned by a nonresident insurance company, but deposited in bank here pursuant to the requirement of a statute making such deposit a condition of the right of the company to carry on business in this state, were held to be rightly taxable here; from which it would seem to follow that they could not be rightly taxed at the domicile of the owner. That case was dependent on so many special conditions that it affords no precedent for the case at bar; the bonds there in question were held to be separated from the owner and his domicile and in the hands of an agent or trustee in this state for purposes indispensable to the business of the owner here; the decision evidently took color from the principle of *Catlin v. Hull*,

*supra*, and other cases of like impression which are not authority in the present case; again, the court regarded the bonds, in consequence of the requirement of the statute (Stats. 1864, p. 131), as really part of the capital stock of the company, and in this aspect to be taxed like any other property similarly employed; and it may also be observed that said statute required the deposit of public stocks of this state "not exempt from taxation," a provision which also seems to have influenced the result reached by the court. (*People v. Home Ins. Co., supra.*)

The court below was right in holding that the answer of the executors showed no defense to the demand for taxes on the bonds of the foreign railroad corporations; but, since it appeared from the answer that the taxes on the other bonds assessed were not authorized by law, it was error to sustain the demurrer to the answer as a whole. The order appealed from should be reversed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

McFarland, J., Garoutte, J., Temple, J., Harrison, J.