assume to annul a marriage entered into in another state or jurisdiction between citizens of this state, although lawful where made, is met by the contrary decision of Donohue v. Donohue, 63 Misc. Rep. 111, 116 N. Y. Supp. 241, which to my mind expresses the true rule. The complaint is, therefore, dismissed upon the merits.

Complaint dismissed.

---

### In re TIFFANY'S ESTATE.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. TAXATION (§ 867*)—TRANSFER TAX—PROPERTY TAXABLE — NOTES OF NON-RESIDENT—"PERSONAL PROPERTY."

Transfer Tax Law (Consol. Laws 1909, c. 60) § 220, imposes a tax upon the transfer, where the transfer is by will or intestate law, of property within the state, when deceased was a nonresident at his death. General Construction Law (Consol. Laws 1909, c. 22) § 39, defines the term "personal property" as including all things in action and all written instruments themselves as distinguished from the rights to which they relate, by which any right in property or any debt, etc., is created. *Held*, that promissory notes owned by a nonresident, and part of which were executed by nonresidents, and which were secured by property situated in another state, but were, at the owner's death, and for some time prior thereto, in a safe deposit box in this state, were taxable under the transfer tax law.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1681–1684; Dec. Dig. § 867.*

For other definitions, see Words and Phrases, vol. 6, pp. 5346–5358; vol. 8, p. 7753.]

2. TAXATION (§ 859*)—TRANSFER TAX—TAXATION OF NOTES—LEGISLATIVE AUTHORITY.

The Legislature had power to enact Transfer Tax Law (Consol. Laws 1909, c. 60) § 220, so as to apply to such notes owned by a nonresident; the fact that some of them were executed by residents being immaterial.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 859.*]

Miller and Scott, JJ., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the transfer tax upon the estate of Charles C. Tiffany, deceased. From an order of the Surrogate's Court fixing a transfer tax, an appeal was taken. Affirmed.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Charles P. Howland, for appellants.

Henry A. Miller, for respondent.

McLAUGHLIN, J. On the 20th of August, 1907, the decedent, a resident of the state of Connecticut, died, owning certain promissory notes which then were, and for some time prior thereto had been, in a safe deposit box in the city of New York. With two exceptions the notes were made by nonresidents, and payment of all of them was secured by property outside of the state of New York. The question presented is whether they are subject to taxation under the transfer

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tax act of this state. This act (section 220, c. 60, Consolidated Laws), so far as material, provides that:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of $500 or over, or of any interest therein * * * in the following cases: * · * * (2) When the transfer is by will or intestate law, of property within the state, and the decedent was a nonresident of the state at the time of his death."

It is admitted that the transfer was by will, and that the decedent, at the time of his death, was a nonresident, but it is urged that the notes, the subject-matter of the transfer, are at most mere evidences of debts, and are not taxable property within the state. It cannot well be doubted that the Legislature of this state in enacting the transfer tax act considered promissory notes property and intended to impose a tax upon their transfer. Personal property is defined in section 39 of the general construction law (chapter 22 of Consolidated Laws) as follows:

"The term 'personal property' includes chattels, money, things in action, and all written instruments themselves as distinguished from the rights or interests to which they relate, by which any right, interest, lien or incumbrance in, to or upon property, or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, wholly or in part, and everything, except real property, which may be the subject of ownership."

The definition of personal property as thus given is applicable to cases under the transfer tax act. Matter of Jones, 172 N. Y. 575, 65 N. E. 570, 60 L. R. A. 476. But notwithstanding the fact that the Legislature intended by the transfer tax act to make promissory notes owned by a nonresident, if located within this state at the time of the owner's death, subject to a transfer tax, nevertheless it is claimed that it failed to accomplish that purpose for want of power.

In Matter of Whiting, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640, it was decided that bonds of foreign as well as domestic corporations and certificates of stock of domestic corporations owned by a nonresident decedent and deposited by him in a safe deposit box in this state were, at the time of his death, taxable under the transfer tax act. Judge Vann, who delivered the opinion of the court, said:

"The law clearly distinguishes 'written instruments themselves' from the 'rights or interests to which they relate,' * * * and makes either taxable. * * * There is obvious propriety in subjecting the instrument of transfer to a transfer tax when it is left in this state for safe-keeping. It is subject to the jurisdiction of our laws, and hence is within the intent of the transfer tax act. When the design of the Legislature is to tax the transfer of everything that it has power to tax, there is no inconsistency in taxing in one form, if another is not available. Indeed, perfect consistency is not always practicable in a scheme of taxation that is intended to let nothing escape that can be owned or transferred. Thus, the Legislature intended, as I think, to repeal the maxim, 'Mobilia personam sequuntur,' so far as it was an obstacle and to leave it unchanged so far as it was an aid to the imposition of a transfer tax upon all property in any respect subject to the laws of this state."

So far as this court is concerned, the identical question here presented has already been passed upon. Estate of Wall, 105 App. Div. 643, 94 N. Y. Supp. 1166. There promissory notes made by a non-

resident to a nonresident were at the time of the latter's death found in his safe deposit box in this state. A majority of the court held that such notes were property having a situs in this state and therefore liable to taxation. See, also, Matter of Fearing, 200 N. Y. 340, 93 N. E. 956.

But it is said that since the decision in Matter of Wall, supra, the Supreme Court of the United States has decided (Buck v. Beach, 206 U. S. 392, 27 Sup. Ct. 712, 51 L. Ed. 1106) that promissory notes, situated as the notes here in question, are not taxable. I do not think that decision is applicable to the question here presented, and, if so, is distinguishable. The Buck Case simply held that the state of Indiana did not have the power to impose a general tax upon promissory notes made by a nonresident, payable to a nonresident. simply because they were present in the state. There, the attempt was to levy a tax upon property, while here it is to impose a tax upon the transfer or right of succession. Judge Peckham, who delivered the opinion, was careful to point out the distinction. He said:

"Cases arising under collateral inheritance tax or succession tax acts have been cited as affording foundation for the right to tax as herein asserted. The foundation upon which such acts rest is different from that which exists where the assessment is levied upon property. The succession or inheritance tax is not a tax on property, as has been frequently held by this court (Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969, and Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. 439), and therefore the decisions arising under such inheritance tax cases are not in point."

In Blackstone v. Miller, referred to by Judge Peckham, the question was whether a deposit in a New York bank, belonging to a nonresident decedent, was subject to tax under the New York transfer tax act, and the claim was there made that such deposit was a mere credit, and that the situs of the property was not in the state. Judge Holmes, in disposing of the question, said:

"We perceive no better reason for denying the right of New York to impose a succession tax on debts owed by its citizens than upon tangible chattels found within the state at the time of the death. The maxim. 'Mobilia sequuntur personam,' has no more truth in the one case than in the other. When logic and the policy of a state conflict with a fiction due to historical tradition, the fiction must give way. * * * Bonds and negotiable instruments are more than merely evidences of debt. The debt is inseparable from the paper which declares and constitutes it. * * *"

In New Orleans v. Stempel, 175 U. S. 309, 20 Sup. Ct. 110, 44 L. Ed. 174, it was held that promissory notes had an independent situs of their own and were properly taxed where located. Mr. Justice Brewer, who delivered the opinion of the court, said:

"The same doctrine was affirmed in Fisher v. Commissioners of Rush County, 19 Kan. 414, and again in Blain v. Irby, 25 Kan. 499, 501, in which the court said, referring to promissory notes: 'They have such an independent situs that they may be taxed where they are situated.' The decisions of the highest courts of New York in which state these plaintiffs reside are to the same effect. In People v. Trustees. 48 N. Y. 397, the court said: 'Notes, bonds, and other contracts for the payment of money have always been regarded and treated in law as personal property. They represent the debts secured by them, they are the subject of larceny, and a transfer of them, transfers the debt. * * * And while for some purposes in the law, by

legal fiction, it follows the person of the creditor, and exists where he may be, yet it has been settled that for the purpose of taxation this legal fiction does not, to the full extent, apply, and that such property belonging to a nonresident creditor may be taxed in the place where the obligations are held by his agent.   *   *   *   It is well settled that bank bills and municipal bonds are in such a concrete, tangible form that they are subject to taxation where found, irrespective of the domicile of the owner; are subject to levy and sale on execution; and to seizure and delivery under replevin, and yet they are but promises to pay—evidences of existing indebtedness. Notes and mortgages are of the same nature, and, while they may not have become so generally recognized as tangible personal property, yet they have such a concrete form that we see no reason why a state may not declare that if found within its limits they shall be subject to taxation."

In Selliger v. Kentucky, 213 U. S. 200, 29 Sup. Ct. 449, 53 L. Ed. 761, Judge Holmes, who wrote the opinion in the Blackstone Case, referred to Buck v. Beach, supra, and in such a way that I cannot believe he considered the decisions theretofore made, with reference to promissory notes being taxable under the transfer tax act, had been overruled.   He said:

"Bonds can be taxed where they are permanently kept because by a notion going back to very early law the obligation is or originally was inseparable from the paper or parchment which expressed it. Buck v. Beach, 206 U. S. 392, 403, 413, 27 Sup. Ct. 712, 51 L. Ed. 1106. That case and the authorities cited by it show how far a similar notion has been applied to negotiable bills and notes."

In the foregoing discussion I have treated all of the notes alike, but it is to be noted that two of them, aggregating, with principal and interest, upwards of $20,000, are made by a resident of the state of New York. It is possible they should be treated differently, but it does not seem to me that the residence of the debtor can change the character of property or determine whether it is liable to an inheritance tax.

In view of the foregoing, I am of the opinion that the order appealed from is right, and should be affirmed, with $10 costs and disbursements.

CLARKE and DOWLING, JJ., concur.

MILLER, J. (dissenting). The precise question involved on this appeal is whether promissory notes kept for safe-keeping in a safe deposit box in this state, made by a nonresident, and owned by a nonresident decedent, are subject to taxation under section 220, c. 60, of the Consolidated Laws, which so far as material is as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of $500 or over, or of any interest therein *   *   *   in the following cases:   *   *   *   (2) When the transfer is by will or intestate law, of property within the state, and the decedent was a nonresident of the state at the time of his death."

This court in this department has passed on the question in favor of the right to impose the tax. Matter of Wall, 105 App. Div. 643, 94 N. Y. Supp. 1166. Irrespective of my individual opinion, I should be willing to follow that decision but for what I regard to be a controlling decision of the United States Supreme Court.   Buck v. Beach,

206 U. S. 392, 27 Sup. Ct. 712, 51 L. Ed. 1106. That case involved the right of the state of Indiana to tax notes, physically present in said state, but which were given and payable in Ohio by residents of the latter state to a resident of New York. It was held that the state of Indiana had no power to impose the tax, and that the enforcement of it would be the taking of property without due process of law. That case is not to be distinguished by the fact that the statutory definition of "personal property" (see General Construction Law, chapter 22; Consolidated Laws, § 39) includes promissory notes, as distinguished from the debts, evidenced by them, because the decision of the state court that there was statutory authority of the state of Indiana for the imposition of the tax was conclusive upon the United States Supreme Court. Independently of the statutory definition of personal property, it is reasonably certain that the Legislature of this state intended by the transfer tax law to reach every transfer which the state had the power to tax, to apply the maxim mobilia sequuntur personam in the case of resident decedents, and to reject it in the case of nonresident decedents. So the question is not one of construction, but of power.

It is not always easy to determine the actual situs for purposes of taxation of intangible property. The decisions on the subject are not altogether harmonious. Distinctions have been drawn notably between specialty and simple contract debts which it might be difficult logically to support, except possibly upon archaic notions as to the effect of a seal. I do not discuss the question, because it involves a federal question, and the decision in Buck v. Beach forecloses debate in this court upon the point that promissory notes, as distinct from the debts evidenced by them, are not property in the sense that they are subject to taxation as such in the state in which they are physically present.

That case is to be distinguished from this, if at all, upon the ground that it involved a property tax, whereas this involves a transfer or succession tax. In the course of his opinion in that case, Mr. Justice Peckham did refer to the fact that there was a distinction between property and succession taxes, and say that the inheritance tax cases were not in point, from which it is inferred that, had the case involved a succession tax, a different result would have been reached. But in the last analysis it will be found that there is no rational distinction, so far as the question before us is concerned, between a property tax and a succession tax upon the transfer of the personal property of a nonresident decedent.

While rejecting the maxim, "mobilia sequuntur personam," in the case of nonresident decedents, the law of this state is that the universal succession occurs in the state of the domicile. The right of succession then in this case was conferred by the state of Connecticut. The state of New York may tax the exercise of that right perforce only of its power to do so. If the state has jurisdiction of the property so that ancillary administration here may be necessary to reduce it to possession, it may demand a tax as a condition of allowing the enjoyment of a right, which, as a matter of comity, it admits was

conferred, and is governed by the laws of another state. But, in order to interpose between a right granted by another state and the enjoyment of that right, it is absolutely essential that it have jurisdiction of the property affected. The case is thus brought squarely within the decision in Buck v. Beach, supra. If the state has not jurisdiction of the property, so as to enable it to impose a property tax, it cannot have jurisdiction to impose a tax as a condition of allowing a transfer of it according to the laws of another state. The transfer in such case is beyond the power of this state, and will occur irrespective of the attitude of this state.

While I accept without re-examination as the premise of my argument the principle of Buck v. Beach, it may not be amiss to call attention to the practical side of the question. It results from the two theories of imposing inheritance taxes that a right of succession may legally be taxed twice, once in the state of the decedent's domicile, and again in the state where the property has a situs for the purposes of taxation, but it has not yet been held that the right may be taxed still a third time in a state where the evidence of a debt happens to be. If the debtor in this case refuses to pay, ancillary administration in the state of Illinois may be necessary. The debt exists apart from the instrument, because a recovery might be had without producing the instrument. If the state of New York should seize the piece of paper non constat, the debt could be established by other evidence. The decedent's successor will not have to ask the aid of this state or claim the protection of its laws. Surely, within the principle of Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. 439, the state of Illinois has a right to impose a tax on the transfer of these notes, a cogent, if not a conclusive, reason for thinking that the state of New York has no such right; for, though double taxation is permissible, it has not yet been held that even intangible property can have a situs for purposes of taxation in more than one state apart from the domicile of the owner. If the debtor resided in this state, it would undoubtedly claim, and have the means of enforcing payment of a tax, a practical reason for not undertaking to impose a tax which it might be unable to collect. The right of the state to impose transfer taxes on the entire estate of resident decedents and on the property within the state of nonresident decedents necessarily depends on inconsistent theories, but there should be some consistency in the application of those theories.

SCOTT, J., concurs.