HARRIS KENNEDY & another, executors & trustees, *vs.*
FREDERICK HODGES & others.

Suffolk. March 17, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Executor and Administrator. Corporation,* Foreign: *situs* of shares.

An ancillary executor, appointed in this Commonwealth, of the will of a non-
resident, which was proved in the State in which the testator had his domicil,
should administer under R. L. c. 143, as estate of his testator "found here,"
the following classes of property: chattels in this Commonwealth, bank deposits
in this Commonwealth, checks in this Commonwealth payable to the testator
and drawn on banks in this Commonwealth, coupon bonds and registered
bonds of foreign corporations in a safe deposit box in this Commonwealth,
shares of stock in domestic corporations represented by certificates in such
deposit box, shares in a western real estate trust, the property of which is held
by trustees resident in this Commonwealth, represented by certificates in such
deposit box which are transferable only at the office of the trustees in this
Commonwealth, and money paid voluntarily in this Commonwealth to the
ancillary executor upon debts due to the estate from non-residents; but shares
of stock in foreign corporations represented by certificates in such safe deposit
box in this Commonwealth are not "found here" within the meaning of R. L.
c. 143, and should not be administered under the provisions of that statute.

BILL IN EQUITY, filed in the Supreme Judicial Court on No-
vember 8, 1912, by the ancillary executors, appointed in this
Commonwealth, of the will of Almon D. Hodges, junior, whose
domicil at the time of his death was at San Francisco in the
State of California, and whose will, with the plaintiffs as executors,
was proved in that State, for instructions as to what part of the
personal property described in the bill of the various classes men-
tioned in the opinion was found in this Commonwealth within the
meaning of R. L. c. 143, § 1.

The case came on to be heard before *De Courcy,* J., who at
the request of the parties reserved it upon the pleadings and an
agreed statement of facts for determination by the full court.

*E. H. Warren,* for the plaintiffs.

*C. A. Bunker,* for the defendant Almon D. Hodges.

*A. P. Carter,* guardian *ad litem* of Frederick Hodges, *pro se.*

RUGG, C. J.   This is a suit in equity by ancillary executors for instructions as to their duties.   The testator was domiciled in the State of California.   His will was admitted to probate in that State.   Thereafter a copy of it was filed as a foreign will in the Probate Court for Suffolk county in this Commonwealth, and letters ancillary issued to the plaintiffs who thus are executors by appointment of each State court.   Proceedings have been brought against them in the California courts, seeking their removal on the ground that they have failed to account in that State for personal property, for which the plaintiffs feel themselves to be accountable in Massachusetts.   Under these circumstances the executors rightly may ask the direction of this court.   *Stevens* v. *Warren,* 101 Mass. 564.

The testator during his lifetime leased a safe deposit box in an institution in Boston, for a term unexpired at his death. The bonds, checks and certificates of stock hereafter referred to were in this box, to which the plaintiffs were refused access until they had been appointed executors in this Commonwealth.   It is enough for the needs of this decision to say that at the time of his death the testator owned real estate in Minnenesota and Rhode Island, and the following classes of personal property:

(a)  Miscellaneous chattels.

(b)  Coupon bonds of certain foreign corporations.

(c)  Registered bonds of certain foreign corporations.

(d)  Certificates for shares of stock in a corporation organized under the laws of Massachusetts.

(e)  Certificates for shares in the Western Real Estate Trust.

(f)  A deposit in the State Street Trust Company, also one in the Merchants National Bank, both doing business in Boston.

(g)  Certificates for shares of stock in various corporations not organized under the laws of Massachusetts.

(h)  Two uncashed checks payable to the order of the testator, drawn on banks in Boston.

(i)  Claims for rent under leases of the real estate in Minnesota and Rhode Island, paid voluntarily to the plaintiffs in the county of Suffolk.

(j)  A claim for money lent which was paid by the debtor to the plaintiffs in the county of Suffolk.

The question is, for which of these items of property are the ancillary executors accountable in the Probate Court of Massachusetts. R. L. c. 143, § 1, provides that when administration is taken in this Commonwealth on the estate of a non-resident, "his estate found here shall" be administered as provided later in the chapter. The decision must turn on the determination of how many of the items referred to are "estate" of the testator "found here."

No serious question is or could be made that this language includes the property described under classes (a), (b), (f) and (h). *Pinney* v. *McGregory,* 102 Mass. 186. It also is plain that the registered bonds, being class (c), were property found within the Commonwealth. Bonds, being specialties, have a situs where found. *Callahan* v. *Woodbridge,* 171 Mass. 595. *Selliger* v. *Kentucky,* 213 U. S. 200, 204. *In re Morgan,* 150 N. Y. 35. Class (d), being certificates for shares of stock in a domestic corporation, the domicil of the corporation being within the Commonwealth, were found here by the ancillary executors and should be accounted for in our courts. *Greves* v. *Shaw,* 173 Mass. 205. Class (e), the shares in the Western Real Estate Trust, come within the same rule. The trustees are resident in this Commonwealth, and their home business office is here, where only can the certificates be transferred upon surrender and new certificates issued. The certificate holder is at least the owner of an undivided equitable interest in the property held by the trustees. There is on principle in this respect no distinction between such certificate and a certificate for shares of stock in a domestic corporation. This is virtually decided by *Kinney* v. *Treasurer & Receiver General,* 207 Mass. 368, 371. *Peabody* v. *Treasurer & Receiver General, post,* 129.

Class (g), being certificates for shares of stock in corporations not organized under the laws of this Commonwealth, presents the most difficult question. A certificate for shares of stock in a corporation, although evidence of title, does not constitute the title. It is not the stock. "Shares in a corporation are not chattels personal susceptible of possession, actual or constructive. . . . A share in a corporation is a right to participate in the profits, or in a final distribution of the corporate property pro rata." *Field* v. *Pierce,* 102 Mass. 253, 261. Failure on the part of a corporation

to issue the certificate does not impair the rights of a stockholder who is notwithstanding entitled to be treated as such. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 198, and cases cited. A certificate of stock is not necessary to the existence of the property. "It certifies to a fact which exists independently of itself." *Pacific National Bank* v. *Eaton*, 141 U. S. 227, 234. The paper upon which the certificate is printed is not the thing of value, but the ownership in the fractional part of the assets of the corporation. This analysis of the nature of a certificate of stock makes it difficult to conceive of the certificate itself as capable of having an independent situs. No doubt modern commercial usage treats certificates of stock as possessing some of the attributes of property. They are generally bought and sold and pass by delivery when properly indorsed like ordinary chattels, but such transfers are subject to equities in favor of the owner named in the certificate, and title ordinarily can be transferred only on the books of the company upon surrender of the certificate. *Baker* v. *Davie*, 211 Mass. 429, 437. They may be hypothecated and pledged, and be the subject of replevin or an action of conversion. Statutes may provide for their attachment. For some purposes and under some circumstances certificates of stock may be more than evidence and may possess some of the incidents of property and be "a constituent of title." *Hatch* v. *Reardon*, 204 U. S. 152, 161. *Simpson* v. *Jersey City Contracting Co.* 165 N. Y. 193. *Merritt* v. *American Steel-Barge Co.* 24 C. C. A. 530, 537. *Opinion of the Justices*, 196 Mass. 603. *Puget Sound National Bank* v. *Mather*, 60 Minn. 362. Nevertheless, we are aware of no decision which has gone to the extent of holding certificates of stock to be the equivalent of the shares they represent, or to be the shares themselves, or to be capable of an independent situs except possibly by express statute. See *Buck* v. *Beach*, 206 U. S. 392. They bear many analogies to deeds of real estate or bills of sale of personal property. We are able to perceive no reason for holding them in a case like this to be the property itself or anything more than evidence of it. It is anomalous to think of such property having a possibility of a situs in three different places, namely, at the domicil of the owner, at the domicil of the corporation and in the jurisdiction where the certificate itself may chance to be. To this

effect are the decisions: *In re James,* 144 N. Y. 6; *Lockwood* v. *United States Steel Corp.* 153 App. Div. (N. Y.) 655; *Richardson* v. *Busch,* 198 Mo. 174. This result is in harmony with the view expressed in *Kingsbury* v. *Chapin,* 196 Mass. 533, although not covered by that decision. It is not necessary to decide whether, if it should be impossible as a practical matter to obtain manual possession of the certificates of stock in a foreign corporation belonging to a deceased non-resident, but within this Commonwealth, letters ancillary from our Probate Court might issue for the purpose of securing actual possession of them.

Classes (i) and (j), being debts due to the estate of the testator from non-residents, which have been paid in this Commonwealth to the plaintiffs in their capacity as ancillary executors, constitute property which has come to their hands in this Commonwealth and therefore is found here and must be accounted for by them here. *New England Mutual Life Ins. Co.* v. *Woodworth,* 111 U. S. 138, 144.

The plaintiffs are instructed that all of the personal property described in the schedule is "estate" of the testator "found" within the Commonwealth, and must be administered in accordance with the provisions of R. L. c. 143, except the certificates of stock in foreign corporations, which under the circumstances here disclosed follow the situs of the domicil of the testator and must be accounted for under the laws of that jurisdiction.

*So ordered.*