[L. A. No. 4098. Department One.—December 15, 1915.]

## In the Matter of the Estate of JAMES McCAHILL, Deceased.

INHERITANCE TAX—NONRESIDENT—PROPERTY WITHIN THE STATE.— Under the inheritance tax law of 1911 (Stats. 1911, p. 713), it was not the intention of the legislature to impose a tax upon the transfer by succession of the property of a nonresident, unless it was "property within the state," at the time of the death of the decedent.

ID.—BONDS OF FOREIGN CORPORATIONS—CASUAL PHYSICAL PRESENCE IN STATE.—Bonds of foreign corporations not doing business in this state, which belonged to a nonresident, and were not brought to nor kept within this state for any local business purpose, do not constitute property within the state, within the purview of the inheritance tax law of 1911, by reason of the mere fact that the bonds themselves were, at the time of the death of the owner, physically present in a safe deposit box within this state.

ID.—LISTING BONDS IN INVENTORY—DISTRIBUTION—ANCILLARY ADMINISTRATION.—The listing of such bonds in the inventory filed in an ancillary administration had in this state on the estate of such nonresident, and the assumption by the superior court of jurisdiction over them for purposes of administration and distribution, are not conclusive to the effect that the bonds were property within this state for purposes of taxation.

ID.—DECREE OF DISTRIBUTION NOT CONCLUSIVE AS TO RIGHT TO DEMAND TAX.—Upon appeal from an order fixing an inheritance tax, the decree of the superior court, distributing the property, is not conclusive as to the facts which entitle the state to demand the tax.

APPEAL from an order of the Superior Court of Los Angeles County imposing an inheritance tax. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Joseph Scott, and A. G. Ritter, for Appellant.

Robert A. Waring, Inheritance Tax Attorney, John W. Carrigan, Assistant Inheritance Tax Attorney, and U. S. Webb, Attorney-General, for Respondent.

SHAW, J.—In this case the administrator with the will annexed appeals from an order of the superior court charging

the estate of the decedent in the hands of said administrator
with inheritance tax amounting to $1,433.21.

McCahill died on July 21, 1911, in the state of Minnesota,
being, at the time of his death and for many years prior
thereto, a resident of that state. For some years, because
of feeble health, it had been his custom to spend his winters
in California. He was the owner of a number of bonds issued
by corporations for the payment of money, and he usually
brought these with him, depositing them for safekeeping
while here in some safe deposit box. The only purpose of
bringing them was to have them at hand under his control.
He did not transact any business here with reference thereto.
In pursuance of this custom he arrived in California in
November, 1910, bringing with him the bonds which are here
in controversy. He deposited them in a safe deposit box
as usual. His health became worse and in April, 1911, be-
cause of that fact, he hastily left California, going to Minne-
sota for treatment. His condition was so serious that it was
impossible for him to give care to his business affairs, and
he inadvertently failed to take the bonds with him on his
return. He left a will by which the property in controversy
was bequeathed to his wife. Letters testamentary were
issued in that state and by regular course of administration
these bonds were there distributed to the wife. There were
bonds of foreign corporations of the par value of seventy-five
thousand dollars and bonds of a California corporation of the
par value of fifteen thousand dollars. For purposes of fixing
the inheritance tax the whole was appraised at $78,750. Of
this sum the California corporation bonds represent $14,250
and the foreign corporation bonds sixty-four thousand five
hundred dollars. The exemption of the widow includes the
California bonds and something additional, so that the only
question for consideration here is whether or not the bonds
of the foreign corporations are, under the circumstances
stated, liable for the inheritance tax imposed by the law of
the state of California. Ancillary administration was taken
out in this state, and it is in this proceeding that the present
controversy arises. All of these bonds were regularly in-
ventoried as a part of the estate of the decedent subject to
administration in California.

It will be observed that the decedent was not a resident of
this state, that the corporations which issued the bonds in

controversy were not residents of this state or doing business therein, that the decedent did not bring the bonds to California in pursuance of any purpose of doing business here with them, and that they were not kept here in connection with any local business of any character. The fact that these bonds were present in California at the time of the death of the decedent was altogether accidental and casual. It is upon this fact alone that the right to charge the tax upon them must rest.

We are of the opinion that the court below erred in charging an inheritance tax upon these bonds. The law applicable to the case was the inheritance tax law of 1911. (Stats. 1911, p. 713.) That law imposes a tax upon the transfer of property by inheritance "(2) When the transfer is by will or intestate laws of property within this state and the decedent was a nonresident of the state at the time of his death." It is clear from this provision that it was not the intention of the legislature to impose a tax upon the transfer by succession of the property of a nonresident, unless it was "property within this state" at the time of the death of the decedent. The sole question presented, therefore, is whether or not these bonds of foreign corporations constituted property within the state by reason of the fact that the bonds themselves were, at the time of the death of the decedent, physically present in a safe deposit box within this state. The principle applicable to such cases is settled by the decision of this court in the *Estate of Fair*, 128 Cal. 607, [61 Pac. 184]. That case involved the right of the city and county of San Francisco to levy a tax upon the bonds of certain corporations organized and doing business in other states of the Union, as property within this state belonging to the estate of the decedent, James G. Fair. The bonds were not physically present within the state, but were kept elsewhere. Referring to the nature of such property and its *situs* for purposes of taxation, the court said: "If, however, the bond evidencing a debt is destroyed, the debt is not affected, the owner may still collect both principal and interest thereof; not the paper writing, but the obligation to pay expressed by it, is the thing of value, and in the nature of things this can have no actual locality. The general rule is that debts attend the person of the creditor, and are taxable at his domicile." It was also held that neither the fact that the bonds were

negotiable, nor the fact that they were not physically present within the state, affected the rule that their locality, for purposes of taxation, was the place of residence of the owner. The court there also recognized an exception to this doctrine in cases where the paper evidences of debt are in the possession and control of an agent of the owner in some state other than that of his domicile, and are held there by such agent for management in connection with a business there carried on, as, for example, a loan agency. In such cases the securities are deemed to be taxable at the place where such business is carried on. The case of *People* v. *Home Ins. Co.,* 29 Cal. 533, was distinguished from the Fair case on the ground that in the insurance company case the bonds there belonging to the foreign corporation were taxable here, because they were kept in this state for the purposes of the business which that company was carrying on within this state, thus bringing that case within the exception above stated. We have no such circumstances present in this case, and the exception noted has no application. In the Fair case, since Fair was a resident of California at the time of his death, it was held that these bonds, although issued by foreign corporations and kept without the state, were nevertheless taxable here under the laws of this state providing for the taxation of property situated within the state. Upon the same principle it must be held that the bonds of foreign corporations owned by McCahill at the time of his death, he being then a resident of Minnesota, do not constitute property within this state for purposes of taxation, but were and are property within the state of Minnesota, and, consequently, that they do not come within the scope of the above quoted extract from the inheritance tax law. (See, also, *Murphy* v. *Crouse,* 135 Cal. 19, [87 Am. St. Rep. 90, 66 Pac. 971]; *McDougald* v. *Low,* 164 Cal. 110, [127 Pac. 1027].)

A number of cases are cited by the respondent from decisions of the courts of New York, including *Matter of Whiting,* 150 N. Y. 27, [55 Am. St. Rep. 640, 34 L. R. A. 232, 44 N. E. 715]; *Matter of Morgan,* 150 N. Y. 35, [44 N. E. 1126]; *Matter of Gibbes,* 88 App. Div. 510, [83 N. Y. Supp. 53]; *Matter of Tiffany,* 143 App. Div. 327, [128 N. Y. Supp. 106]; to which we may add *Matter of Bronson,* 150 N. Y. 1, [55 Am. St. Rep. 632, 34 L. R. A. 238, 44 N. E. 707]. We do not think these cases aid the respondent in any respect. They

disclose considerable difference of opinion between the several judges of the New York court of appeals. It is perfectly clear, however, from the decision of that court in *Matter of Bronson*, 150 N. Y. 1, [55 Am. St. Rep. 632, 34 L. R. A. 238, 44 N. E. 707], that the rule stated in the *Estate of Fair*, 128 Cal. 607, [61 Pac. 184], was recognized as an established rule of law wherever it is not abrogated by some statute. The decisions upholding an inheritance tax upon the property of a nonresident of the state, consisting of bonds or other obligations of nonresidents of the state, either corporations or persons, because of the fact that the evidence of such obligations was, at the time of the decedent's death, physically present in the state of New York, were based entirely upon the provisions of the statute of that state, which expressly declare that the inheritance tax may be levied upon the notes, bonds, or other instruments constituting evidence of the obligations, if physically present in that state, regardless of the residence of the debtor or creditor. Our statute contains no such provisions, and the decisions, so far as they so hold, are inapplicable here.

The attorneys for the state claim that the listing of these bonds in the inventory, and the proceedings of the superior court assuming jurisdiction over them for purposes of administration and distributing them to the widow, are conclusive to the effect that the bonds were property within this state for purposes of taxation. The claim is untenable. The probate court in Minnesota first assumed jurisdiction over these bonds and it also distributed them to the widow. The facts before the court below showed that the bonds were not property within this state and were not taxable here. The right of the state to collect inheritance tax depends on the terms of the statute, not on the conduct of the local administrator in making the inventory of assets. Upon appeal from an order fixing the inheritance tax, the decree of the superior court, distributing the property, is not conclusive as to the facts which entitle the state to demand the tax.

The order is reversed.

Sloss, J., and Lawlor, J., concurred.