|116 351|
|e142 564|
|116 351|
|146 677|

[S. F. Nos. 325 and 366. In Bank.—March 23, 1897.]

E. G. BUSWELL, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF ALAMEDA COUNTY ET AL., APPELLANTS.

TAXATION—EQUALIZATION—VOID DELEGATION OF POWER BY STATE BOARD —TIME LIMIT—DIRECTORY STATUTE.—The state board of equalization cannot delegate to its clerk authority to issue orders prolonging the time of the session of the county board of equalization; but nevertheless equalization made by the county board after the expiration of the time limited by section 3762 of the Political Code, and within the limit to which it might have been extended by the state board, is not void, and the limit of time fixed by that section must be regarded as directory, under the general rule of judicial interpretation, and also under the terms of section 3885 of the Political Code, which has the effect to transform that general rule into a matter of positive law.

APPEALS from a judgment of the Superior Court of Alameda County and from an order denying a new trial. JOHN ELLSWORTH, Judge.

The facts are stated in the opinion of the court.

*District Attorney Charles E. Snook,* and *Deputy District Attorney E. L. Church,* for Appellants.

*William R. Davis,* and *William Lair Hill,* for Respondent.

HENSHAW, J.—These are separate appeals by different defendants from the judgment and from the order denying a new trial. They may be considered and disposed of together.

The following facts present, in brief, the matter of plaintiff's complaint: He is a taxpayer of the county of

Alameda. Within the time required by law the assessor of the county made his assessment, completed his assessment-book, and duly delivered the latter to the board of supervisors. Upon the first Monday of July, 1895, the board of supervisors met as a board of equalization to examine and equalize the assessment so made, "and did then and thenceforth, until and including the fifteenth day of July, continue from day to day" to equalize the assessment. On the tenth and twelfth days of July two pretended orders of the state board of equalization were entered upon the minutes of the state board and certified to the county auditor, which orders purported to extend the time for the sitting of the county board of equalization until the twenty-sixth day of July. The state board of equalization never in fact passed or adopted either of these orders, and they were without authority and void. The board of supervisors continued to sit as a board of equalization daily, and upon July 25th, by its order, raised the assessed valuations by the assessor theretofore placed upon certain pieces, and decreased the assessed valuations by the assessor theretofore placed upon other pieces of property, with the result of decreasing the aggregate value fixed by the assessor in the sum of over one million and a half of dollars. A decree is sought declaring the order of the county board of July 25th by which this reduction was effected to be null and void; and to compel recognition, upon the part of the officers, of the assessment made by the assessor.

Many grounds of demurrer were interposed to this complaint; but they will be passed by in order that we may come to the paramount question in the case: Was the board of supervisors of Alameda county sitting as the county board of equalization upon July 25th?

Section 3672 of the Political Code provides that "the board of supervisors of each county must meet upon the first Monday of July in each year to examine the assessment-book, and equalize the assessment of property in the county. It must continue in session for

that purpose from time to time, until the business of equalization is disposed of, but not later than the third Monday of July."

In 1895 the first Monday of July was the first day of the month, and the third Monday fell upon the 15th.

Section 3705 of the Political Code declares that "the state board of equalization may, by an order entered upon its minutes, and certified to the county auditor of any county, extend, for not exceeding twenty days, the time fixed in this title for the performance of any act . . . . by the county boards of equalization."

That this section empowers the state board to prolong the time for the sittings of county boards of equalization is unquestioned.

Upon the trial, it was made to appear that, at a date prior to these transactions, the state board of equalization, by resolution spread upon its minutes, had authorized its clerk, upon application made, to issue orders for extension of time "as the act of the board." The pretended orders to the Alameda county board were issued by the clerk pursuant to this authority. The state board was not in session at the dates of the orders, and never passed or adopted them. When judicial or quasi-judicial powers are vested by law in a public officer, or powers calling for the exercise of discretion, it needs no citation of authority to show that they may not be delegated, and that a pretended exercise of them in advance of a showing of need for present action and determination is nugatory.

These orders, then, being without efficacy, it follows that the proceedings of the county board after July 15th must derive validity from some other source, or they are void.

Section 3885 of the Political Code provides that "no assessment, or *act relating to assessment,* or collection of taxes, is illegal on account of informality, nor because the same was not completed within the time required by law."

The equalization of the assessor's assessment by the

county board is an act relating to assessment, and it is nothing else.

It is a general rule, even in the absence of such a statutory enactment as the foregoing, that the provisions as to the time upon which, or within which, acts are to be done by a public officer regarding the rights and duties of others are directory, unless the nature of the act or language of the legislature makes it clear that the time fixed is by way of limitation. (*Payne* v. *San Francisco*, 3 Cal. 122; *Hart* v. *Plum*, 14 Cal. 149; *People* v. *Canal Co.*, 48 Cal. 143; *State* v. *Western Union Tel. Co.*, 4 Nev. 338; *State* v. *Northern Belle Min. Co.*, 15 Nev. 386.)

Section 3885, above quoted, transforms the general judicial interpretation into a matter of positive law, and removes any possibility of doubt. The time provisions relative to the assessment and collection of taxes, found in the various sections of the Political Code, are designed for the convenience of the officers, and furnish a fit and orderly plan by which the successive duties imposed upon them may be performed without clash or interference the one with the other. The taxpayer may be heard to complain only when, by reason of delay, he has been debarred of some statutory right, and thereby suffers injury. No such showing is here made. No rights of plaintiff were thwarted or impaired. The county board completed its work upon the 25th of the month, ten days after the third Monday. It had consumed but half of the time which the statute contemplates might have been allowed to it by the state board. During that ten days, no intermediate acts looking to the assessment were to have been performed by any officer, and the rights of none of the public were interfered with.

The attack of plaintiff is, therefore, purely technical, and depends upon the contention that the provisions of section 3672 of the Political Code are mandatory. That this view cannot be sustained is made apparent, not only by the general rule of interpretation for such provisions, but also by the express terms of section 3885.

The sittings of the county board did not exceed the time contemplated by law to which they might have extended, interfered with no rights of the plaintiff, and were not illegal under section 3885 of the Political Code.

The judgment and order are reversed and the cause remanded.

HARRISON, J., GAROUTTE, J., VAN FLEET, J., McFARLAND, J., and TEMPLE, J., concurred.