[Civ. No. 584.   Third Appellate District.—August 24, 1909.]

## W. S. WHITE, Appellant, v. J. R. MITCHELL, President of Board of Trustees of City of Woodland, Respondent.

MANDAMUS—SERVICES OF MEMBER OF CITY BOARD OF EQUALIZATION OF WOODLAND—MUNICIPAL ORDINANCE LIMITING SERVICE.—The superior court properly refused a writ of mandate on behalf of a member of the board of equalization of the city of Woodland, to compel the president of the board of trustees to draw his warrant in favor of the petitioner for an excess of service beyond the time fixed by a municipal ordinance of that city limiting such service to the period of two weeks.

ID.—CONSISTENCY OF CITY ORDINANCE WITH MUNICIPAL CORPORATION ACT.—Such municipal ordinance is not inconsistent with the municipal corporation act so far as it is applicable to the city of Woodland, which contains no limitation as to the time within which the city equalization shall be done and expresses nothing to show that the period of two weeks was not ample time in which to rectify all the returns from the city assessor.

ID.—CONSTRUCTION OF GENERAL LANGUAGE OF ACT.—The general language of the act that the board "shall continue in session from day to day until all the returns of the assessor have been rectified" necessarily implies that the sessions should continue only so long as is necessary to accomplish this purpose, and does not import that the work should be indefinitely prolonged to the unnecessary expense of the city.

ID.—POWER OF BOARD OF EQUALIZATION—LIMITATION OF TIME AS TRUSTEES.—In the absence of any other legislation on the subject, perhaps the board of equalization might itself limit the time for its own action; but there is certainly nothing unreasonable in the view that legislative power has been committed to the members of the board acting in their capacity as a board of trustees to limit the period of their action to a reasonable time.

ID.—PRACTICAL EFFECT OF CITY ORDINANCE—LIMITATION OF PERIOD OF COMPENSATION.—The practical effect of the city ordinance is the same as if it only assumed to limit the period of compensation of the members of the board.   The situation is the same as though the trustees had enacted one ordinance providing a *per diem* compensation for each member of the board of equalization while in attendance upon the meetings of the board, but the session shall continue two weeks if necessary, but no longer.

ID.—SUFFICIENCY OF TWO WEEKS' TIME—NOTICE BY ASSESSOR TO TAX-PAYERS—PRESUMPTION.—It does not appear that the period of two

weeks is not sufficient to pass upon the claims of all taxpayers, since there is nothing in the ordinance to prevent the assessor from giving notice that the board will remain in session for two weeks if necessary, and that each taxpayer who desires to be heard must be present on the first day and from day to day, if required, until the returns are rectified. It is presumed that the assessor pursues this course, and that two weeks is ample time in which to complete the work.

ID.—ACTS OF BOARD BEYOND LIMITED TIME NOT VOID—COMPENSATION LIMITED.—Though the acts of the board of equalization, beyond the two weeks fixed, are not void, and in that respect the ordinance may be subject to the provisions of section 3385 of the Political Code, yet this would not disturb the conclusion that the members of the board are bound by the terms of the ordinance as to their compensation.

ID.—ACTION OF BOARD OF TRUSTEES IN MAKING EXCESSIVE ALLOWANCE NOT CONCLUSIVE.—The action of the board of trustees in making an excessive allowance forbidden by its ordinance is not conclusive.

APPEAL from an order of the Superior Court of Yolo County, denying a writ of mandate. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

W. A. Anderson, and M. S. Ish, for Appellant.

E. B. Mering, for Respondent.

BURNETT, J.—The board of trustees of the city of Woodland approved a claim and ordered a warrant drawn in favor of appellant for fifteen days' service as a member of the board of equalization of said city at five dollars per day, and respondent refused to issue the warrant, claiming that under an ordinance of said city the work of equalization must be completed within the limit of two weeks. Application was made to the superior court of Yolo county for a writ of mandate to compel respondent to draw said warrant. The appeal is from the order denying the writ.

The basis for appellant's contention is found in section 774 of the general municipal corporation act (Deering's Gen. Laws [1906], p. 881), and an ordinance of the said city of Woodland adopted in 1907 fixing the compensation of the members of the board of equalization. The former provides

that the board "shall continue in session from day to day until all of the returns of the assessor have been rectified," and the latter, that each member "while in actual attendance upon the meetings of the board of equalization" shall receive "the sum of $5 per day." Since appellant was in actual attendance as a member of said board for fifteen days, it is admitted that he would be entitled to the writ were it not for an ordinance in force adopted by the board of trustees in 1890 providing "that said meetings may be held from time to time, as in such notice specified, for the period of two weeks, if necessary, and no longer."

While the legislature in the said municipal corporation act provided for cities of the fourth class that the "sessions of the board shall be held from time to time, as in its notice specified, for the period of two weeks, and no longer," there is no such limitation prescribed as to cities of the fifth and the sixth class. The direction as to these, already noted, is that the board ·shall remain in session until all the returns are rectified, but that necessarily implies that the sessions should continue only so long as is necessary to accomplish this purpose. It was certainly not intended that this work should be indefinitely prolonged and thereby the city be put to unnecessary expense. In the absence of any other legislation on the subject, the board of equalization would probably be authorized to determine the length of time necessary to rectify the returns and their determination, in the absence of fraud, would be conclusive. But there is certainly nothing unreasonable in the view that such regulation has been committed to the said members of the·board of equalization, but acting in the capacity of the board of trustees and thereby constituting the local legislative body. They have the necessary knowledge, and the question is one of legislative control within the restriction, of course, that any limitation should not be unreasonable.

There is nothing before us to show that two weeks was not ample time in which to rectify all the returns, and we think that the ordinance in question is not inconsistent with the grant of power by the legislature to the board of equalization, and is authorized by the general law found in section 773 of the said municipal corporation act providing that "The board of trustees shall have the power and it shall be

their duty to provide by ordinance a system for the assessment, levy and collection of all city taxes not inconsistent with the provisions of this chapter.''

But, again, appellant concedes that the board of trustees have authority to limit the number of days for which the members of the board of equalization shall receive compensation for their services. This concession necessarily leads to an affirmance of the judgment because the practical effect of the ordinance is to limit the compensation of the members, and the only question before us is its validity to that extent.

The situation is entirely the same as though the trustees had enacted one ordinance providing that ''each member of the board of equalization while in attendance upon the meetings of said board shall receive $5 per day but the sessions shall continue two weeks, if necessary, but no longer.'' This method of limiting the period of compensation is just as effective as though it had been expressly provided that the members should be paid for a period no longer than two weeks.

Since we are really concerned with the validity of said ordinance only as it relates to and affects the compensation of the said members of the board of equalization, we need not discuss the difficulties that may arise, as suggested by appellant, if said ordinance should be held operative for all purposes. In response, however, to the criticism of appellant that the ordinance is impracticable and unreasonable because it extends ''the time two weeks for the taxpayer to make his first appearance, and thus making it possible for all the work to fall on the last day of the two weeks, and thereby making it impossible for the work to be completed in two weeks, and it deprives the taxpayer of the right to know with certainty the date he must appear, for it gives the assessor authority to notify him that he has the whole of two weeks in which to appear, at the same time it compels the board to adjourn as soon as their work is completed, and this even though only a day is found necessary in order to complete it,'' it is sufficient to say that there is nothing in the ordinance to prevent the assessor from giving notice that the board will remain in session for two weeks, if necessary, but that each taxpayer who desires to be heard must be present on the first day and from day to day, if required,

until the returns are rectified. It is presumed that this course is pursued by the assessor, and thus, as admitted by appellant, two weeks is ample time in which to complete the work.

It might be conceded, as claimed by appellant, that the acts of the board while in session beyond the two weeks' limit are not void, and that the ordinance is subject to the provisions of section 3885 of the Political Code, declaring that "No act relating to assessment . . . is illegal . . . because the same was not completed within the time required by law," and it would not disturb the conclusion we have reached that the members of the board are bound by the terms of the ordinance as to their compensation. Third parties not injured by the failure of the board to comply with the requirement of said ordinance could not thereby be excused from a public duty nor be relieved of a public burden. There is a great difference between the case of a taxpayer seeking to avoid the payment of his just taxes by reason of the technical violation of the law on the part of the revenue officers and the case of the latter trying to profit by their own remissness. (*Payne* v. *San Francisco*, 3 Cal. 122; *Buswell* v. *Supervisors*, 116 Cal. 351, [48 Pac. 226].)

Cases are cited by appellant to the point that "when the board passed upon the claim of the petitioner and ordered a warrant drawn for $75, it was within the scope of their powers to decide, and they did decide, the necessity and quantity and quality of the service, and their judgment was final and cannot be set aside except upon proper allegations and proof of fraud." But in the case at bar it appeared upon the face of the proceedings that the board had allowed compensation in excess of that authorized by the law, and therefore the finding was not conclusive. The rule is as stated in *Walton* v. *McPhetridge*, 120 Cal. 443, [52 Pac. 733], that "If illegal claims are allowed by the board, it will be the duty of the auditor to refuse to draw warrants therefor, and the auditor ought not to draw his warrant for an illegal demand, even though allowed by the board, and if he does so knowingly and willfully, he is personally responsible and may be made to refund the money thus illegally paid."

Objection was made by appellant to certain evidence tending to show that the members of the board were dilatory in their work, and that they could have completed it in twelve

days or less, but conceding the ruling of the court to be erroneous, it was without prejudice, as under the ordinance they were entitled to compensation for only twelve days, and it is found that petitioner is entitled to the sum of $60, and that said sum is due him from said city of Woodland.

It may be said, though, that if such evidence is to be regarded it appears that petitioner had expressed his determination to coerce the municipality into the payment of a sum of money for services unnecessarily prolonged, and therefore an added reason is shown for looking with disfavor upon his application.

At any rate, we think the court was justified in denying the writ, and the order is affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1909.