[Civ. No. 877.   Third Appellate District.—November 23, 1911.]

# THE NAPA SAVINGS BANK, Respondent, v. COUNTY OF NAPA, Appellant.

TAXATION—UNAUTHORIZED MEETING OF BOARD OF EQUALIZATION—VOID RAISING OF ASSESSMENT.—A county board of equalization, after the lapse of the time to which it can be extended by the state board of equalization, has no jurisdiction to raise an assessment, and its order assuming to raise an assessment thereafter is void.

ID.—SAVINGS BANK DEPOSITS INVESTED IN MUNICIPAL AND STATE BONDS NOT ASSESSABLE AS SOLVENT CREDITS—DOUBLE TAXATION.—Where a savings bank has been assessed upon all of its property, it cannot thereafter, during the same year, be assessed on municipal and state bonds, purchased with its deposits during the same year and which are by the constitution exempt from taxation, on the alleged ground that the moneys so invested represent solvent credits due from the bank to its depositors, as that would constitute double taxation. The principle is that those bonds represent an interest in the property; and since the whole property has been assessed for its full value, the bond interest has already been included in the assessment.

ID.—NATURE OF DOUBLE TAXATION — DOUBLE CONTRIBUTION TO SAME TAX—DIFFERENT ASSESSMENTS.—Double taxation does not necessarily consist in assessing the same property twice to the same person, but may consist in a double contribution to the same tax on account of the same property, though the assessments are to different persons.

ID.—ASSESSMENT OF DEPOSITS OF SAVINGS BANKS—CONSTRUCTION OF CODE—EXCLUSION OF DEPOSITORS—DEPOSITS PART OF ASSETS—INVESTMENT IN SECURITIES.—When a savings bank has been assessed as required by section 3617 of the Political Code, on account of all of its deposits, to the exclusion of the depositors, it is necessarily implied that the bank shall be subject to an assessment thereon while its deposits remain a part of its assets. When it has been so assessed, and afterward during the same year has invested its deposits in other securities, it cannot be required to pay a tax on its debt to the depositors for money which it no longer owns. A savings bank, like any other corporation or natural person, in the contemplation of the law should be assessed but once on all of its property, and not both upon its property and also upon money invested therewith.

ID.—LAW OF THIS STATE AS TO DOUBLE TAXATION.—Whatever may be the law of other states, double taxation, or more, at the same time, for the same purpose, and upon the same property, is void in this

17 Cal. App.—35

state, by whatever standard levied, as being neither equal nor uniform.

ID.—EXCLUSION OF EXEMPT PROPERTY.—The law simply demands that the bank shall pay taxes only upon all of its property which is not exempt from taxation by virtue of the constitution itself.

APPEAL from a judgment of the Superior Court of Napa County. H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Frank M. Silva, District Attorney, and Theodore A. Bell, for Appellant.

A. J. Hull, for Respondent.

BURNETT, J.—The only question for determination is whether the complaint states facts sufficient to constitute a cause of action, the appeal being from a judgment entered by default against the defendant for failure to answer after its demurrer had been overruled.

After a suitable allegation of the corporate capacity of plaintiff and of defendant, it appears: "That on the first Monday in March, 1909, at 12 o'clock meridian, plaintiff was engaged in the business of a savings and loan corporation, viz., in the savings bank business, at Napa, California, and had a capital of $25,000, a surplus of $6,500 and savings deposits in the sum of $279,741.23; and at said time and on said date the plaintiff had and owned the following property, viz., real estate, assessed at the sum of $640; money on hand assessed at $1,540; solvent credits, not secured by mortgage or trust deeds, assessed at $40,910.28; promissory notes secured by mortgage or trust deeds on real estate, assessed at $164,426.53; and money (including capital and surplus) and savings deposits invested in quasi-public corporation bonds of the state (incorporated and organized under the laws of the state of California, and having their respective places of business in this state) in the sum of $89,825, and money (including capital and surplus) and savings deposits invested in the city of Stockton (California) municipal bonds in the sum of $4,395.50, and at the time aforesaid the plaintiff neither had nor owned any property other than the said prop-

erty above stated; that the said capital, surplus and savings deposits were intermingled and used as a whole, and invested in the property and loans above stated, and that all of plaintiff's said property had been assessed for the purpose of taxation for the fiscal year 1909–10, long prior to the time of the assessment herein complained of and contested.

"That on the thirtieth day of July, 1909, the board of equalization made an order directing the assessor of Napa county to assess to plaintiff the money and savings deposits invested in the said bonds aforesaid as credits, and on said day the said assessor did enter said assessment upon the assessment-roll and assessed the same at the sum of ten dollars and no more.

"That said board of equalization was in session from the first Monday in July, 1909, and for the term of twenty days thereafter, under an extension of twenty days granted to it by the state board of equalization, and on the eighth day of August, 1909, the said extension of twenty days expired, and that said board of equalization thereupon ceased to exist, and had no right or authority to sit as such board after the said eighth day of August, 1909. That on the second day of September, 1909, the said board of supervisors of the county of Napa met as a pretended or assumed board of equalization and raised the said assessment of ten dollars, made by the assessor as aforesaid, from ten dollars to the sum of $94,184.50, thereby assessing the said money and savings deposits so invested in said bonds, which were so invested on the first Monday in March, 1909, and had been so invested for a long time prior thereto."

Then follows an allegation that the said bonds of the quasi-public corporations "are secured by a mortgage or trust deed of all the real and personal property owned by the respective corporations," and that all of said real and personal property, together with the franchises of said corporations in the state, "have each been assessed for the fiscal year 1909–10, at the full cash value, without deduction of the amount so secured by mortgage or trust deed covering the same or any part thereof."

The plaintiff paid to the tax collector of the county the sum of $1,864.84, the amount of said tax, under a written

protest, and the money was afterward paid into the county treasury by said tax collector.

There are two grounds upon which respondent seeks to justify the action of the lower court in overruling the demurrer, and we think both are well taken.

1. There can be no doubt that the board of equalization and the board of supervisors are two distinct constitutional bodies, although composed of the same members. Section 9 of article XIII of the constitution provides for a state board of equalization and also for a county board. As to the latter the section is: "The boards of supervisors of the several counties of the state shall constitute boards of equalization for their respective counties, whose duty it shall be to equalize the valuation of the taxable property in the county for the purpose of taxation." Section XIII of the same article provides that "The legislature shall pass all laws necessary to carry out the provisions of this article."

In pursuance of these provisions suitable laws have been passed by the legislature prescribing the duties and directing the mode of exercise of the powers of the boards of equalization. They are contained in the Political Code from section 3672 to 3705, inclusive. Said section 3672 is that "The board of supervisors of each county must meet on the first Monday in July of each year, to examine the assessment-book and equalize the assessment of property in the county. It must continue in session for that purpose, from time to time, until the business of equalization is disposed of, but not later than the third Monday in July." Section 3705 authorizes the state board of equalization to extend this time but not to exceed twenty days. It is thus to be seen that the order in question here was made at a time not within the period during which the statute provides that all the acts of the board of equalization must be performed. We think it necessarily follows that the said board was entirely without authority to raise said assessment and that the order purporting to do so was in excess of jurisdiction and void.

The case of *Buswell* v. *Supervisors etc.,* 116 Cal. 351, [48 Pac. 226], is quite distinct from this. There the order complained of was made within the time during which the board of equalization could exercise its function as such, although

it was later than the third Monday in July, and the order of the state board attempting to extend this period was nugatory. The learned justice who wrote the opinion recognized the distinction between that case and this in the declaration that "The sittings of the county board did not exceed the time contemplated by law to which they might have extended."

2. But whether the foregoing position be sound or not, it cannot be disputed that plaintiff could not be legally assessed upon property to which it had no title and in which it had no interest. All the moneys owned by plaintiff and due to plaintiff from others were assessed to it, and it could certainly be only by virtue of some peculiar provision of the law that money which had been paid to another for other property should be assessed to plaintiff.

Of course, there is no contention that the bonds which were purchased by plaintiff were assessable. The city of Stockton bonds are exempt, in accordance with section 1¾ of the state constitution, and the quasi-public bonds are not taxable to plaintiff, as that would be double taxation. (Pol. Code, sec. 3617; *Germania Trust Co.* v. *San Francisco,* 128 Cal. 589, [61 Pac. 178]; *Estate of Fair,* 128 Cal. 607, [61 Pac. 184]; *Estate of Pichoir,* 128 Cal. 615, [61 Pac. 1130].) The principle, obviously, is that these bonds represent an interest in the property, and, since the whole of the property has already been assessed for its full value, the bond interest has been included in that assessment. As stated in the Germania Trust Co. case, *supra:* "Double taxation does not necessarily consist in assessing the same property twice to the same person, but may consist in requiring a double contribution to the same tax on account of the same property, though the assessments are to different persons." If plaintiff had purchased a certain tract of land for $94,184.50 and had paid the purchase price before it was taxable, it could hardly be contended that thereafter it should be assessed on both the money and the land. The situation here is no different in principle, and it is identical as far as the assessment of the purchase price is concerned.

Appellant seems to think the tax was justified by subdivision 6 of section 3617 of the Political Code, providing that "Credits, claims, debts, and demands due, owing or accruing for

or on account of moneys deposited with savings and loan corporations or with building and loan associations, shall, for the purpose of taxation, be deemed and treated as an interest in the property of such corporation, and shall not be assessed to the creditor or owner thereof." Of course, this simply means that these moneys shall be considered as a part of the assets of the corporation and taxable as such, and it necessarily implies that the corporation shall be subject to this burden only while the deposits remain a part of its assets. In other words, the money shall be taxed to the owner of it and not to the depositor, who is the creditor of the corporation. The proposition appears so simple as hardly to need elaboration. The position of appellant amounts to this: The plaintiff receives certain deposits and thereby becomes the debtor of the depositors. These deposits become the property of a third person and are assessed to him, but, notwithstanding this, plaintiff is required to pay a tax upon its debt to the depositors for money which it no longer owns. A savings bank, like any other corporation or a natural person, in the contemplation of the law, should be assessed but once on all of its property, and not upon its property and also the money invested therein. (*Burke* v. *Badlam,* 57 Cal. 594; *Germania Trust Co.* v. *San Francisco,* 128 Cal. 589, [61 Pac. 178].)

In Cooley on Taxation, third edition, page 395, it is said: "We do not see, for instance, how a tax on a merchant's stock distinctly by value could be supported, when by the same authority and for the same purpose the same stock was taxed by value as a part of his whole property. This is a very different thing from one tax upon property and another upon the business, though the latter may indirectly reach the property; here is no circumlocution, no question of ultimate effects; but a tax levied twice on the same subject, only under different names.• The same may be said of a tax on the property of a corporation and also on the capital which is invested in the property; if the latter is taxed as property, this also is duplicate taxation, and as much unequal as would be the taxation of a farmer's stock by value when on the same basis it is taxed as a part of his general property."

It may be said that in some of the states it has been held that double taxation is not necessarily illegal. (Cooley on

Taxation, 3d ed., p. 405, and notes.)    But the rule here is as stated in *People* v. *Parks,* 58 Cal. 624, that "Duplicate or triplicate taxation, at the same time, for the same purpose, and upon the same property, is void by whatever standard levied, as being neither equal nor uniform."

It is hardly necessary to add that this view does not contemplate the remission of the tax on the deposits, but simply demands that the bank shall pay taxes only on all of its property which is not exempt from taxation by virtue of the constitution itself.

We have not deemed it necessary to follow counsel in their interesting discussion of the peculiar characteristics of the various kinds of banks that operate in this state.    The question for determination, as we view it, involves a simple principle of law that is well settled, and in the application of that principle we are confronted with a simple problem in mathematics rather than any complicated proposition of logic.

The judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1912.