[Civ. No. 17812.   First Dist., Div. Two.   May 19, 1958.]

BOARD OF SUPERVISORS OF THE COUNTY OF MARIN, Appellant, v. LEON A. DE LISLE, as Auditor, etc., Respondent.

Leland H. Jordan, County Counsel, for Appellant.

Leon A. De Lisle, in pro. per., for Respondent.

DRAPER, J.—This mandamus proceeding concerns the effect of the statutory time limits upon revision of assessments by the supervisors, sitting as a board of equalization. The dispute is among county officials only. No affected taxpayer is a party, nor does the record show whether the attempted revisions were upward or downward. Neither party purports to represent the pecuniary interest of any taxpayer. Only the county counsel, as attorney for petitioner-appellant, appeared at oral argument. He concedes that respondent is not an attorney, and that the office of the county counsel "advised" respondent in the preparation of the pleading and brief filed in propria persona. We might well infer that the case is moot, as presenting no truly adversary interest. However, in the light of respondent's possible exposure to penalty, we have determined that the issue presented should be decided.

The petition seeks to compel respondent to permit the county clerk to enter upon the 1956-57 local assessment roll changes therein ordered by the county board of equalization at its meetings of August 21, 23 and 27, 1956. Respondent's demurrer was sustained without leave to amend, and petitioner appeals.

The Revenue and Taxation Code requires the County Assessor to complete the local roll on or before the first Monday in July (July 2, 1956), and thereupon to deliver it to the clerk of the Board of Supervisors (§§ 616, 617). That board shall meet on the first Monday in July as a board of equalization, and shall continue in session until the business of equalization is disposed of, but not later than the third Monday in July (§ 1603). On the third day after adjournment of the board of equalization, the clerk must deliver the corrected local roll to the County Auditor (§ 1614), who shall add the valuations and enter on the roll the total valuation of each kind of property (§ 1646). On or before the third Mon-

day in August (August 20, 1956), the auditor must prepare duplicate valuation statements (§ 1647), and forthwith transmit one to the controller and one to the State Board of Equalization (§ 1649). "Every auditor who fails to transmit the valuation statements as required forfeits one thousand dollars to the State, to be recovered in an action brought by the Attorney General. . . ." (§ 1650). The State Board of Equalization may, by resolution, extend for not more than 20 days the time fixed for performance of any of these acts by the assessor, auditor or county board (§ 155).

In 1956 the assessor of Marin County obtained a 14-day extension of his time to complete the local assessment roll. He delivered the roll to the clerk on the extended date, July 16, 1956. The supervisors then began their hearings as a board of equalization. They did not complete such hearings on the date fixed by the code, July 16, or by August 5, the date to which the State Board of Equalization could have extended this time. Rather, they continued in session until August 27. ■ Meanwhile, on August 25, respondent auditor secured the roll from the clerk. This was far later than the date, July 19, on which the roll normally should have been delivered to him, and beyond the date, August 8, to which this time might have been extended. It was five days after the date when he was required by the code to prepare and forward duplicate valuation statements. It is presumed that such statements were transmitted promptly thereafter (Code Civ. Proc., § 1963, subd. 15). At some unspecified date after August 25, appellants sought the roll to enter upon it the changes made by the board on and after August 21. Respondent refused.

Only one decision passes upon an attempted reassessment made not only after the statutory date for completion of the "business of equalization," but after the latest date to which that time could have been extended. In that case (*Napa Savings Bank* v. *County of Napa,* 17 Cal.App. 545 [120 P. 449]), the county board of equalization increased an assessment more than 20 days after the third Monday in July. In an action by the taxpayer, the order of the board was held to be in excess of jurisdiction and void.

The decisions relied upon by appellant do not alter that rule. In one (*Buswell* v. *Board of Supervisors,* 116 Cal. 351 [48 P. 226]), the board acted after the statutory date, but well within the 20 days which the state board could have allowed as an extension. In fact, the county board had acted

under a purported extension. The decision in Buswell preceded that in Napa Savings Bank, and was distinguished by the latter upon the ground just stated. *Whiting Finance Co.* v. *Hopkins,* 199 Cal. 428 [249 P. 853] holds that an increased assessment made by the board after the statutory date is valid, but does not state whether the reassessment was made within the 20-day period, and thus is not helpful upon the issue before us. In *Universal Consol. Oil Co.* v. *Byram,* 25 Cal.2d 353 [153 P.2d 746], rejection of plaintiff's application for reduction of assessment was set aside because of the board's denial of procedural due process. The court held that it should not resolve the fact issues involved, and returned the case to the board for the hearing upon the merits which had been denied. The language relied upon by appellant is used in pointing out that the board could act despite the passage of the statutory date. Obviously, such action was necessary to implement the court's order that due process be accorded. The decision does not disapprove the Napa case, and need not be construed as doing so by implication.

█ Appellant cites Revenue and Taxation Code, section 24: "No act in all the proceedings for raising revenue by taxation is illegal on account of informality or because not completed within the required time." But that provision has no application here. No issue of invalidity of an assessment is raised by one asserting a right to do so. █ Rather, the situation here is that respondent auditor, confronted with the penalty imposed by law for failure to act in time, secured the roll as then corrected in order to perform his duty of preparing and forwarding duplicate valuation statements. The code provisions "furnish a fit and orderly plan by which the successive duties imposed upon [the officers] may be performed without clash or interference." (*Buswell* v. *Board of Supervisors, supra,* 116 Cal. 351, 354.) Appellant board cannot assert that respondent's act in conforming to that plan is invalid. No claim of an aggrieved taxpayer is before us. █ We hold that, as between county officials, one who is subject to penalty for delay may require timely performance by the officials who must act before he does. █ Appellant cites no authority requiring the auditor to authorize changes in the assessment roll after the required valuation statements have been transmitted to the appropriate state officials.

Judgment affirmed.

Kaufman, P. J., and Brazil, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.