In the Matter of the Transfer Tax on the Estate of GEORGE W. PERKINS, Deceased.

Surrogate's Court, New York County, June, 1922.

**Transfer tax — order fixing presently a tax on remainders — power of appointment — proper provision in order.**

An order fixing presently a transfer tax on remainders subject to an absolute power of appointment given by decedent to his two children and containing a provision that if on the date of the appraisal the power of appointment had been validly exercised by the respective donees, no tax on the remainders would accrue, is proper.

PROCEEDING to fix a transfer tax.

*Hawkins, Delafield & Longfellow,* for executors.

*L. B. Gleason,* for state tax commission.

COHALAN, S. The proposed order submitted by the executors, on notice to the state tax commission, assessing the transfer tax on the report of the appraiser, fixes presently a tax on remainders subject to an absolute power of appointment given by decedent to his two children. This tax is based on the assumption that the powers will not be exercised; that the children will die simultaneously and without issue, and that the next of kin of both children will be one person, the transfer to whom is taxable at the five per cent rate.

The proposed order contains a further provision that if on the date of the appraisal the powers had been validly exercised by the respective donees thereof, no tax on the remainders would accrue. Objection is taken by the state tax commission to this part of the order.

It seems to me that if the assumption of the contingency that the powers will not be exercised is proper under section 230 of the Tax Law, in order that the remainders may be presently taxed at the highest rate the assumption that the powers will be validly exercised is permissible under section 241 of the Tax Law for the purpose of setting forth the minimum tax, which in that event would be nothing, for the remainders would then be taxed in the estates of the donees.

The act of the surrogate in making a determination as to the minimum tax is no more judicial in character than that exercised by him in fixing the tax on a contingent remainder at the highest rate (*Matter of Spingarn,* 175 App. Div. 806, 809), and in one case as in the other the appeal from the order would be taken to the surrogate.

I have signed the order assessing tax proposed by the executors.

Ordered accordingly.